Maria Rivera TORRES et al.,
Plaintiffs-Appellants,

v.

HARTFORD INSURANCE COMPANY,
Defendant-Appellee.

No. 78–1104.

United States Court of Appeals,
First Circuit.

Submitted Sept. 7, 1978.
Decided Dec. 27, 1978.

David Rive Rivera and Calderon, Rosa-Silva & Vargas, Hato Rey, P. R., on brief for plaintiffs-appellants.

Ernesto F. Rodriguez Suris and Miranda Cardenas, Otero, De Corral & Rodriguez, Hato Rey, P. R., on brief for Hartford Ins. Co., defendant-appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

The sole issue in this case, which appears to be of first impression, is one of diversity jurisdiction involving the scope and meaning to be given 28 U.S.C. § 1332(c) which provides:

(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further*, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

The case arises out of an automobile accident on the Island of Puerto Rico. Plaintiffs, all citizens and residents of the Commonwealth, were injured in a collision with another car owned by Vicks Corporation, a Delaware corporation with a principal place of business in Puerto Rico. The automobile was operated by one of Vicks' employees, W. L. Venable, citizen and resident of North Carolina. The named defendant is Hartford Insurance Company, whose state of incorporation and principal place of business is Connecticut. There was in effect at the time of the accident a liability policy covering Vicks as the *named* insured and employees such as Venable under the *omnibus* or *other* insured clause.

Plaintiff brought suit against Hartford only under Puerto Rico's direct action statute, 26 L.P.R.A. § 2003, which permits suits directly against an insurance company without joining the named insured or the alleged tort-feasor. The district court dismissed, pursuant to 28 U.S.C. § 1332(c), for lack of jurisdiction, and this appeal followed.

The section 1332(c) amendment to the diversity jurisdiction statute was a direct response to the fact that "direct action" statutes in Louisiana and Wisconsin had inundated the federal district courts there with diversity cases arising out of automobile accidents involving citizens of the same state. Since the named defendant was an insurance company with its state of incorporation and principal place of business far removed from the state of the accident, diversity jurisdiction was created and the federal district courts in Louisiana and Wisconsin flooded with cases which normally would have been handled in the state courts. The purpose of the amendment was to eliminate under the diversity jurisdiction of the U.S. district courts, suits on

certain tort claims in which both parties are local residents, but which, under a State "direct action" statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant.

S.Rep.No.1308, 88th Cong., 2d Sess., *reprinted in* [1964] U.S.Code Cong. & Admin.News, pp. 2778, 2778–79. *See* 13 Wright, Miller & Cooper, Federal Practice & Procedure § 3629 at 830–31 (1975).

■ The question of whether the word "insured" in section 1332(c) includes a person covered under the *omnibus* clause has been answered in the affirmative by the courts that have considered it. *Williams v. Liberty Mutual Company*, 468 F.2d 1207 (5th Cir. 1972); *Anderson v. Phoenix of Hartford Insurance Company*, 320 F.Supp. 399 (W.D.La.1970), *affirmed*, No. 71–1295 (5th Cir. July 8, 1971); *Government Employees Insurance Co. v. Le Bleu*, 272 F.Supp. 421 (E.D.La.1967). In the light of the reason for the statute and its explicit congressional history, the only logical conclusion is that the word "insured" includes any alleged tort-feasor covered by the policy under the *omnibus* clause.

The question, therefore, is whether the citizenship of the named insured, Vicks, or the *omnibus* insured, Venable, is attributed to the insurance carrier. Appellant argues that, since the tort-feasor was a citizen of North Carolina, not Puerto Rico, there is diversity jurisdiction. This approach blithely ignores the fact that the action was brought by plaintiffs against Hartford. It is true, as appellants point out, that, if suit had been brought against Venable, there would have been no jurisdictional obstacle. The short answer is that plaintiffs chose to sue Hartford, not the driver of the car.

Under Puerto Rican law, plaintiffs had three target defendants: Hartford, under the direct action statute; Vicks; and/or its employee, Venable. The advantages of having a large insurance carrier as a named defendant are obvious, but once the choice is made, the consequences cannot be avoided.

It is clear that section 1332(c) restricts jurisdiction. Its provision for multiple citizenship of the insurer was designed to restrict diversity jurisdiction. *See Hercules Inc. v. Dynamic Export Corp.*, 71 F.R.D. 101, 106–07 (S.D.N.Y.1976). While the merits of diversity jurisdiction continue to be hotly debated,[1] the general trend by the courts has been restrictive rather than expansive. *See Owen Equipment and Erection Company v. Kroger, Admx.*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

■ While our reading of section 1332(c) has not been as restrictive of jurisdiction as that of the Fifth Circuit, *compare Hernandez v. Travelers Insurance Company*, 489 F.2d 721 (5th Cir. 1974), and *White v. United States Fidelity and Guaranty Company*, 356 F.2d 746 (1st Cir. 1966), we feel that, in this situation, the purpose of the section compels an interpretation that will restrict diversity jurisdiction. We, therefore, hold, under these facts, that the insurer is deemed to be a citizen of the same state as the plaintiff if either the *named* insured or the tortfeasor *omnibus* insured is a citizen of that state.

*Affirmed.*

---

1. *See generally* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart & Wechsler's The Federal Courts and the Federal System (2d ed. 1973). *See also* A.L.I. Study of the Division of Jurisdiction Between State and Federal Courts (1969).

One of the most perceptive comments on "the mounting mischief inflicted on the federal judicial system by the unjustifiable continuance of diversity jurisdiction" is Justice Frankfurter's concurring opinion in *Lumbermen's Casu-*

*alty Co. v. Elbert*, 348 U.S. 48, 53–60, 75 S.Ct. 151, 99 L.Ed. 59 (1954).

For an opposing view, *see* Weckstein, *The 1964 Diversity Amendment: Congressional Indirect Action Against State "Direct Action" Laws*, 1965 Wis.L.Rev. 268, 269–71.

At least one bill that would eliminate or severely limit diversity jurisdiction was before the last Congress and similar legislation is expected to be reintroduced in the next.