Reinhold GRUENING

v.

Nannette SUCIC and Nicholas Sucic

and

State Farm Mutual Insurance Company.

Civ. A. No. 80–1880.

United States District Court,
E. D. Pennsylvania.

Dec. 16, 1980.

William L. Kinsley, Philadelphia, Pa., for plaintiff.

Albert L. Bricklin, Philadelphia, Pa., for Sucic, James J. McCabe and Ellen Q. Suria, Philadelphia, Pa., for State Farm.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff's complaint states two causes of action. Count I is an action against defendants Sucic for personal injuries resulting from the alleged negligent operation of their motor vehicle. Count II is an action against defendant State Farm Mutual Insurance Company [State Farm]–insurer of both plaintiff and the Sucics–in which plaintiff seeks punitive damages. Plaintiff alleges that State Farm maliciously breached its fiduciary relationship with him when the same insurance adjuster represented both plaintiff and the Sucics, and then used all the information it learned against plaintiff, thereby prejudicing his valid claim against the Sucics.

Defendant State Farm has moved to dismiss count II. It argues that this court lacks subject matter jurisdiction because diversity of citizenship between plaintiff and all defendants is absent. Fed.R.Civ.P. 12(b)(1). It argues, further, that even if jurisdiction is appropriate this court should dismiss because it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For the reasons which follow I will deny State Farm's Fed.R.Civ.P. 12(b)(1) motion. I withhold judgment on State Farm's Fed.R.Civ.P. 12(b)(6) motion pending oral argument.

Plaintiff is a citizen of Colorado. The Sucics are citizens of Pennsylvania; and State Farm has its principal place of business in Pennsylvania. The issue is whether State Farm shall be deemed a citizen of

Colorado for purposes of determining whether there is diversity of citizenship. State Farm argues that the provisions of 28 U.S.C. § 1332(c) apply. This statute states in pertinent part:

That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party–defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

In order to recover against State Farm on count II, plaintiff must demonstrate that State Farm breached a legal duty owing to him. State Farm's potential liability does not exclusively derive from–and arise out of–the liability of its insured. Rather, State Farm's potential liability results from *its* alleged malicious *breach* of its contract with plaintiff. I therefore hold that § 1332(b) does not apply because the present action is not a "direct action" within the meaning of the statute. "[T]he insurance company defendant [is] the one who [is] allegedly liable for failing to meet its obligations under the insurance contract with the [plaintiff and] not, as under the statute, merely the payor of a judgment based on the negligence of one of its insured." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979). Thus, "[u]nless the suit against the insurance company is of such a nature that liability sought to be imposed could be imposed against the insured, this action is not a 'direct action' in the sense used in the proviso of § 1332(c)." *Lank v. Federal Ins. Co.*, 309 F.Supp. 349, 351 (D.Del.1970). *See also O'Hanlon v. Hartford Accident and Indem. Co.*, 439 F.Supp. 377, 380 (D.Del.1977) (following *Lank*); *Irvin v. Allstate Ins. Co.*, 436 F.Supp. 575, 577 (W.D.Okl.1977) [§ 1332(c) limited to situations in which the injured party sues the tortfeasor's liability insurer to recover for his personal injuries]; *Bourget v. Government Employees Ins. Co.*, 313 F.Supp. 367, 370–71 (D.Conn.1970), *rev'd on other grounds*, 456 F.2d 282 (2d Cir. 1972); *Walker v. Firemans Fund Ins. Co.*, 260 F.Supp. 95, 96 (D.Mont.1966).

The cases cited by State Farm are inapposite. *See Torres v. Hartford Ins. Co.*, 588 F.2d 848 (1st Cir. 1978) (plaintiff sued insurer of the alleged tortfeasor under direct action statute); *Campbell v. Insurance Co. of N. America*, 552 F.2d 604 (5th Cir. 1977) (*per curiam*) (employee sued employer's workmen's compensation carrier for injuries sustained while working for employer); *O. M. Greene Livestock Co. v. Azalea Meats, Inc.*, 516 F.2d 509 (5th Cir. 1975) (*per curiam*) (plaintiff sued insurer of negligent defendant seeking redress for latter's nonpayment of bond); *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721 (5th Cir.), *cert. denied*, 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974) (employee sued employer's workmen's compensation insurer for injuries sustained while working for employer); *Williams v. Liberty Mut. Ins. Co.*, 468 F.2d 1207 (5th Cir. 1972) (*per curiam*) (plaintiff sued insurer of defendant tortfeasor to recover for latter's negligence).

Since State Farm is a Pennsylvania corporation and plaintiff is a citizen of Colorado, there is diversity jurisdiction. I will therefore deny defendant State Farm's Fed.R.Civ.P. 12(b)(1) motion to dismiss count II of the complaint. Of course it does not follow that plaintiff has pleaded a valid cause of action against State Farm. Indeed, plaintiff has cited no case to support this cause of action. Before I rule on State Farm's Fed.R.Civ.P. 12(b)(6) motion to dismiss this count, however, I will permit the parties to submit additional briefs and have oral argument.