**TRANSPORT TRAILER SERVICE, INC.**

v.

**The UPJOHN COMPANY.**

Civ. A. No. 77–4303.

United States District Court,
E. D. Pennsylvania.

Jan. 12, 1981.

Sol Weiss, Philadelphia, Pa., for plaintiff.

Thomas Kittredge, Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

SHAPIRO, District Judge.

This products liability action was brought by Transport Trailer Service, Inc. ("Transport") to recover property damage in the

amount of $216,118.03 which was allegedly sustained when polyurethane foam manufactured and sold by The Upjohn Company ("Upjohn") caught fire at the Transport facility near Harrisburg, Pennsylvania on November 13, 1974. At the time of this fire Transport was insured by The Aetna Casualty and Surety Company ("Aetna"). Aetna subsequently paid Transport $191,040.49 for fire loss and property damage and to that extent is subrogated to plaintiff Transport's claim. At the time of the fire Aetna also insured defendant Upjohn under a Products Bodily Injury and Property Damage Liability policy. This policy had a $5,000,000 deductible; to date the losses incurred by Upjohn for the relevant policy year have been $3,010,161 (Affidavit of Robert J. Clarke).

Upjohn, claiming that its products liability insurer, Aetna, cannot subrogate itself against its own insured to recover damages for an occurrence falling within the insured's policy coverage, moves for partial summary judgment in the amount of $191,040.49. For the reasons set forth herein, the motion is denied, but defendant is granted leave to implead Aetna as a third party in this action.

■ The motion for partial summary judgment is made with regard to a defense first asserted by the motion. The complaint in this case was filed December 19, 1977. Defendant's answer and counterclaim raised eleven affirmative defenses but failed to assert the instant defense; at no time has defendant sought leave to amend its answer to assert it. Federal Rule of Civil Procedure 8(c) requires a party to set forth any matter constituting an avoidance or an affirmative defense. Failure to raise an affirmative defense in an answer does not forever bar a party from raising it, but the proper remedy for such failure would have been a motion for leave to amend under Fed.R.Civ.P. 15. *Albee Homes, Inc. v. Lutman*, 406 F.2d 11 (3d Cir. 1969).

■ Whatever the motion is denominated, it is untimely. It is not clear when defendant learned of Aetna's status as Transport's subrogee, but the answer to the complaint included an affirmative defense that Transport violated Fed.R.Civ.P. 17(a) with regard to the real party in interest. Thus, it is plausible that Upjohn knew of Aetna's dual role as insurer of each party to this controversy at the time that its answer was filed. Aetna later acknowledged its subrogated interest in writing (Exhibit A, defendant's brief), and Upjohn did not deny at oral argument that it had received this document at least six months after its answer was filed on February 10, 1978.

Since this case has been transferred to the docket of this court in October, 1978, counsel for Upjohn has attended two pretrial conferences and filed a pretrial memorandum stating the legal issues involved without ever asserting this defense. The allegation of Aetna's conflict of interest was not made until after the case was placed in the trial pool in February, 1980. In these circumstances the court is compelled to deny the motion as untimely. A contrary result would result in prejudice to the plaintiff who was unaware that this defense would be asserted until all trial preparation had been completed. *See, Albee Homes, supra.*

■ Aside from this procedural problem, the plaintiff, Transport, has a legitimate products liability claim which it should be afforded the opportunity to litigate. The issues between the insured and the insurer differ from this claim against defendant for fire damage arising out of alleged defects in defendant's product, adequacy of instructions as to its use, failure to warn of dangers, etc.; Aetna's conflict of interest is extraneous to any adjudication on the merits of that claim. The right of the insurance company to assert a subrogation claim against its insured is determined by the insurance contract between the parties and the public policy considerations which aid in its interpretations. *E. g., Stafford Metal Works, Inc. v. Cook Paint & Varnish Co.*, 418 F.Supp. 56, 59 (N.D.Tex.1976); *Home Insurance Co. v. Pinski Bros.*, 160 Mont. 219, 500 P.2d 945, 948–949.

444

Upjohn has paid Aetna a premium for a products liability policy calculated on a deductible in the amount of $5,000,000, and its incurred losses for the relevant policy year do not yet total that sum. To preclude any subrogation claim by Aetna on behalf of any other company also insured by Aetna which may have a valid claim against Upjohn when this deductible amount has not yet been exhausted might allow Upjohn an unbargained for, unpaid for, windfall; a risk not otherwise insured against would in effect be covered by Upjohn's insurance policy with Aetna because of a fortuitous fact, *i. e.*, that liability was asserted against Upjohn by a party, Transport, which also happens to be insured by Aetna. An insurance company might hesitate to pay promptly claims of one insured if it could never assert a subrogation claim against any other insured. As a general rule, this seems an undesirable reallocation of risk.

On the other hand, if the insurer secures information from its insured under policy provisions requiring cooperation to enable defense of a claim against it and such information is used, not in defending the insured but in asserting an adverse claim against the insured on behalf of another, there may be a breach of duty, express or implied, which provides a basis for liability of the insurer to the insured in that specific case. *See, Gruening v. Sucic, et al.*, 502 F.Supp. 719 (E.D.Pa.1980).

 In view of the likelihood of the variety of contractual provisions and fact situations which might conceivably be involved, a broad prohibition of any subrogation action by any insurer against any insured goes far beyond the necessities of this case. The liability of the insurer to the insured on relevant principles of law and of equity should be litigated separate and apart from plaintiff's claim against the defendant if defendant chooses to file a third party claim against its insurer. Upjohn will first present its defense to Transport's claim. If Upjohn prevails against Transport, its dispute with Aetna may be limited. If it loses and Transport establishes a right to recover, Upjohn's legal and/or equitable rights against Aetna as an insured can then be determined. Transport will not be prejudiced because these issues can readily be tried separately. Fed.R.Civ.P. 42(b).

Ordinarily leave would be denied to join an additional party at this stage of the proceedings. However, the parties here agree that there would be little need for further discovery if Aetna is joined and no delay will result from the joinder. In fact, by properly framing the pleadings the matter will be expedited. In the court's view, the procedure outlined herein will ensure a fair adjudication of all claims and will afford the best protection of all parties' interests. An appropriate Order will be entered.