Roberto Ruiz–Comas, Martinez, Camacho, Laffitte, San Juan, P.R., for defendants.

---

**Vincent H. ALVAREZ–PISANELLI, Plaintiff,**

v.

**HERTZ PUERTO RICAN CARS, INC., Corporacion Insular de Seguros, Corporation X, Defendants.**

**Civ. No. 91–1837 (JAF).**

United States District Court, D. Puerto Rico.

March 26, 1992.

**OPINION AND ORDER**

FUSTE, District Judge.

Plaintiff Vincent H. Alvarez–Pisanelli, a citizen of New Jersey, commenced this personal injury action against defendants Hertz Puerto Rican Cars, Inc. ("Hertz") and its insurer Corporación Insular de Seguros ("CIS" or "insurer"), both Puerto Rico corporations, for injuries sustained when he was struck by one of defendant Hertz' leased autos. The vehicle was being driven by Rubén Cortez, a New Jersey resident, who was not named as a party-defendant. Plaintiff alleges that this court's jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Before the court is defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Defendants make two challenges to this court's jurisdiction. First, they argue that Cortez, the driver of the vehicle, is an indispensable party to the action and should be joined as a party-defendant pursuant to Fed.R.Civ.P. 19. Second, defendants claim that, even if Cortez is not an indispensable party, pursuant to 28 U.S.C. § 1332(c)(1), CIS should be deemed a citizen of the state of which the insured, Cortez, is a citizen. Accepting either of defendants' grounds would result in dismissal of the action, since complete diversity would not exist. Because we agree with defendants' second basis for dismissal, we *grant* their motion and *dismiss* the action.

Section 1332 of Title 28 provides in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

\* \* \* \* \* \*

(c) For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,* as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; ....

28 U.S.C. § 1332 (1991) (emphasis added). Recently, the United States Supreme Court reviewed the origin and legislative history of the direct action proviso of section 1332(c)(1). *Northbrook National Insurance Company v. Brewer,* 493 U.S. 6, 9, 110 S.Ct. 297, 299, 107 L.Ed.2d 223 (1989). This amendment to section 1332(c), added in 1964, was "in response to a sharp increase in the caseload of federal district courts in Louisiana resulting from that State's adoption of a direct action statute." *Id.* (citations omitted). The Court continued:

The Louisiana statute permitted an injured party to sue the tortfeasor's insurer directly without joining the tortfeasor as a defendant. Its effect was to create diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another State. Believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly *against* a foreign insurance carrier without joining the local tort-feasor as a defendant."

*Id.* (emphasis in original) (citations omitted). *See also* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3629 (1984).

■ Here, Hertz is the owner of the vehicle and CIS is its insurance carrier. Both corporations are citizens of Puerto Rico. Cortez, on the other hand, is a citizen of New Jersey.[1] In order to determine

---

1. Along with their motion to dismiss, defendants submitted a copy of a completed vehicle accident report in which Cortez gave an address in Jersey City, New Jersey, as his residence. (Docket Document No. 6 *Exhibit 2*). While plaintiff, on January 10, 1992, filed a document entitled "Motion Concerning Motion to Dismiss Filed by Codefendant Corporación Insular de

Seguros," (Docket Document No. 7), in which plaintiff informed the court that he would have to engage in discovery to determine the "veracity" of defendants' allegation as to whether Cortez is, in fact, a citizen of New Jersey, as of today, he has filed no opposition to defendants' motion to dismiss; nor has plaintiff in any way challenged Cortez' alleged domicile or sought an

whether the proviso of section 1332(c) applies, deeming CIS a citizen of New Jersey for purposes of diversity jurisdiction, we must first determine whether Cortez is, in fact, included as an insured for purposes of the liability policy in effect between Hertz and its insurer.

■ Submitted with their motion to dismiss is page two of the insurance contract in effect between Hertz and CIS. Section D of Part IV of the policy provides:

D. **WHO IS INSURED.**

1. **You** are an **insured** for any covered **auto.**

2. Anyone else is an **insured** while using with **your** permission a covered **auto you** own, hire or borrow except:

a. The owner of a covered **auto you** hire or borrow from one of **your** employees or a member of his or her household.

b. Someone using a covered **auto** while he or she is working in a business of selling, servicing, repairing or parking **autos** unless that business is **yours.**

c. Anyone other than **your** employees, a lessee or borrower or any of their employees, while moving property to or from a covered **auto.**

(Docket Document No. 6 *Exhibit 1*). Examining this agreement, it is clear that, as a renter, Cortez is included in the definition of "insured" for liability purposes under the omnibus clause of the policy issued between Hertz and its insurer.

In *Torres v. Hartford Insurance Company*, 588 F.2d 848, 850 (1st Cir.1978), the United States Court of Appeals for the First Circuit held "that the insurer is deemed to be a citizen of the same state as the plaintiff if either the *named* insured or the tortfeasor *omnibus* insured is a citizen of that state." In *Torres*, the Puerto Rico plaintiffs, invoking the Puerto Rico direct action statute, 26 L.P.R.A. § 2003, sued the insurer, a Connecticut corporation, who had in effect a liability policy covering both the owner of the vehicle, as well as the owner's

employees, one of whom was the driver of the vehicle allegedly causing plaintiffs' injuries. After analyzing both the reason for the statute and its legislative history, the court concluded that the word "insured" in § 1332(c) included "any alleged tort-feasor covered by the policy under the *omnibus* clause." *Id.*

Applying *Torres* to the facts before us, we find that Cortez is included in the definition of "insured" for purposes of liability coverage under the policy in effect between Hertz and its insurer. It is equally clear that Cortez is not a party-defendant to the action. Therefore, following the holding of *Torres*, the proviso of section 1332(c)(1) applies to the matter before us and CIS is to be deemed a citizen of New Jersey, as well as a citizen of Puerto Rico. Because plaintiff is also a citizen of New Jersey, complete diversity between the parties does not exist.

Accordingly, we GRANT defendants' motion to dismiss for lack of subject matter jurisdiction. The action is DISMISSED.

IT IS SO ORDERED.

---

extension of time to do so. We, therefore, assume that plaintiff does not challenge Cortez'

New Jersey citizenship.