Charles **WALKER** and Hartford Accident and Indemnity Company, Plaintiffs,

v.

**FIREMANS FUND INSURANCE COMPANY**, Defendant.

Civ. No. 1424.

United States District Court
D. Montana,
Missoula Division.

Nov. 2, 1966.

Garlington, Lohn & Robinson, Missoula, Mont., for plaintiffs.

Keller, Magnuson and Reynolds and Glen L. Drake, Helena, Mont., for defendant.

## ORDER

RUSSELL E. SMITH, District Judge.

This is an action to determine coverage under the terms of a motor vehicle liability policy and is brought here on the grounds of diversity of citizenship. Defendant's motion to dismiss raises the problem of jurisdiction.

Charles Walker owns a heel boom log loader, the operation of which was insured by Hartford. Richard Griel owns a truck which was insured by Firemans Fund under a policy containing a loading and unloading clause. In the course of loading the Griel truck one Stewart was injured. He has sued Walker in the state courts. The action is brought to determine whether Firemans Fund or Hartford has the primary coverage.

Under these circumstances would the citizenship of Griel not shown to be different from that of Walker deprive this

court of jurisdiction under the following provision of Title 28, § 1332 U.S.C.?

"Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

 Is this action a "direct action" against an insurer within the meaning of the quoted language? The legislative history of the amendment introducing the language indicates that Congress was concerned with the excessive volume of diversity litigation in the so-called direct action states, i. e., states where the insurer may be sued in a tort action without joining the insured tortfeasor.[1] Congress evidently intended the word "direct" to limit the word "action". There would be therefore some classes of actions involving insurance companies in which the company would not be deemed to be a citizen of the state of the insured for diversity purposes.[2] The court concludes that unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, that the action is not a direct action. Here Walker seeks to impose duties upon Firemans Fund because of a contractual liability assumed by it. This liability could not be asserted against Griel and hence the action is not a "direct action."

It is ordered that the defendant is granted thirty (30) days from date within which to further plead.

1. S.Rep. 1308, 88th Cong. 2nd Sess., 2 U.S.Code & Adm.News, 1964, p. 2778.

2. U.S.Cong. & Adm.News 1964, p. 2778. See White v. United States Fidelity & Guaranty Company, 1st. Cir. 1966, 356 F.2d 746.