**Jack B. VINES**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY.**

Civ. A. No. 4945.

United States District Court
E. D. Tennessee, S. D.

May 3, 1967.

Stone & Kirkland, Chattanooga, Tenn., for plaintiff.

Hall, Haynes, Lusk & Foster, Chattanooga, Tenn., for defendant.

## MEMORANDUM

FRANK W. WILSON, District Judge.

This is an action by an employee against his employer's workmen's compensation insurance carrier for a determination of disability and benefits under the Tennessee Workmen's Compensation Act, T.C.A. § 50–901 et seq. The case is before the Court upon defendant's motion to dismiss for lack of jurisdiction of the subject matter.

The defendant relies upon the 1964 amendment to Section 1332(c) of Title 28, United States Code, which added the following provision:

> *"Provided further,* that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

It is undisputed in this action that the insured, Rapro, Inc., is a citizen of Tennessee, as is the plaintiff. Accordingly, if the code section cited is applicable, there is a lack of diversity of citizenship as between plaintiff and defendant. The issues presented are (1) whether defendant is an insurer of a policy or contract of "liability insurance" and (2) whether this is a "direct action" as those terms are used above.

The Tennessee Workmen's Compensation Act requires employers to either carry liability insurance or show proof of financial responsibility (T.C.A. § 50–1205):

> "Every employer under and affected by the Workmen's Compensation Law (1) shall insure and keep insured his liability hereunder * * * or (2) shall furnish to the commissioner of insurance and banking satisfactory proof of his financial ability to pay all claims that may arise against him * * *."

The term "liability insurance" is applied to contracts which provide for indemnity against liability. Zieman v. United States Fidelity & Guaranty Company of Baltimore, Maryland, 214 Iowa 468, 238 N.W. 100. Liability insurance is that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others, Cushing v. Maryland Casualty Company, (C.A.5, 1952) 198 F.2d 536, or in a broader sense, against loss or liability on account of injuries to property. State ex rel. Traveler's Indemnity Company v. Knott, 114 Fla. 820, 153 So. 304, 155 So. 115. A policy of liability insurance is a policy that indemnifies against the condition of becoming liable. Graves v. National Mutual Casualty Company, 164 Kan. 267, 188 P.2d 945; Dunn v. Jones, 143 Kan. 218, 53 P.2d 918. In the recent case of Twin City Fire Insurance Company v. Wilkerson, (E.D.Tenn., 1965) 247 F.Supp. 766, the Honorable Robert L. Taylor, Chief Judge of this District, had occasion to construe the term "liability insurance" as used in 28 U.S.C. § 1332(c), and said this:

> "Although the question is not wholly without doubt, these and other cases indicate to the Court that the term 'liability insurance' has over the years to come to be accepted in the Courts as meaning an indemnity agreement which protects the insured against his liability to others, and the report of the Senate Committee on the subsection (c) amendment * * * discloses that it was this meaning that the Senate had in mind in considering the amendment * * *."

438

Defendant having insured plaintiff's employer against liability under the Tennessee Workmen's Compensation Law, the Court is of the opinion that the policy of insurance here sued upon is a policy of liability insurance within the meaning of the 1964 amendment to 28 U.S.C. § 1332(c).

The Court next turns to the question whether this is a "direct action" within the meaning of the code section. The instant action is authorized by Section 50–1209, Tennessee Code Annotated:

"No policy of insurance against liability arising under the Workmen's Compensation Law shall be issued unless it contain an express agreement of the insurer that it will promptly pay to the person entitled to same all benefits conferred by such law * * *. Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation under the Workmen's Compensation Law, and may be enforced directly by such person in his name * * *."

This provision must be read into the contract of insurance. Douglas v. Sharp, (1952) 194 Tenn. 11, 249 S.W.2d 999; General Guaranty Insurance Co. v. Scudgington, (1964) 213 Tenn. 532, 376 S.W.2d 464. This Court was presented with the question of whether an action was a "direct action" within the meaning of 28 U.S.C. § 1332(c) in the case of Carvin v. Standard Accident Insurance Company, (E.D.Tenn., 1966) 253 F.Supp. 232. There one who claimed to be an insured under an automobile liability policy sued the insurer, seeking to recover for the use and benefit of persons who had obtained a judgment against him. The Court there held that action not to be a "direct action", saying:

"It is quite clear from the above that it was intended by the Congress that this amendment apply to a limited class of actions, that is, those in which an injured party is permitted to sue, directly and without joinder of the tortfeasor, the tortfeasor's liability insurer without first obtaining a judgment against the tortfeasor himself."

Plaintiff insists that the language used by this Court in the *Carvin* case and the legislative history of the amendment show that the amendment is applicable only to *tort* actions and thus it has no application to actions for workmen's compensation. However, the Court is of the opinion that the legislation is not subject to such a restrictive interpretation. In an automobile accident case, to which the amendment applies without question, a plaintiff contends that he was injured by reason of the fault of another, and if the defendant was acting within the course and scope of his employment, that his employer is legally responsible though without actual fault. In states permitting direct actions in cases of this sort, the insurer may be sued directly, without joinder of the party or parties responsible in tort and without having first obtained a judgment against such party or parties. In the instant situation, the plaintiff contends that he suffered injuries arising out of and in the course of his employment and that his employer is liable, whether actually at fault or not. There is very little difference between the two actions for the purposes of the instant question. The remedies provided by the Tennessee Workmen's Compensation Law are in lieu of the previous remedies in tort at common law. Liberty Mutual Insurance Company v. Stevenson, (1963) 212 Tenn. 178, 368 S.W.2d 760. However, the action for workmen's compensation is said to sound in contract. The action in the automobile cases sounds in tort. This sort of distinction seems to be of little value in resolving the meaning of 28 U.S.C. § 1332(c), and there is no adequate basis for the inference that Congress intended that such a fine distinction be applied. The Court is of the opinion that Congress intended that wherever a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insurer without joining the insured and without having first obtained a judgment against the insured, the insurer shall be deemed a citizen of the State of which

the insured is a citizen as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business, for the purposes of determining whether diversity jurisdiction exists.

To adopt plaintiff's construction of the amendment would potentially allow the same situation to develop in this State in regard to compensation cases as developed in Louisiana in regard to automobile cases, which prompted the amendment, and would render partially ineffectual the remedy provided by the Congress. The Court is of the opinion that this is a "direct action" within the meaning of 28 U.S.C. § 1332(c).

Thus the defendant in this case must be deemed a citizen of Tennessee for the purpose of testing jurisdiction. Plaintiff likewise being a citizen of Tennessee, no diversity of citizenship exists, and jurisdiction of this Court cannot be grounded in the provisions of 28 U.S.C. § 1332. No other ground for federal jurisdiction having been made to appear, the Court is of the opinion that the defendant's motion to dismiss should be granted. An order will so enter.