The **ATLANTIC MUTUAL INSURANCE COMPANY**

v.

**Ervin MITCHELL.**
**Civ. A. No. 5-953.**

United States District Court,
N. D. Texas,
Lubbock Division.

Oct. 26, 1971.

Bernard P. Evans, Key, Carr, Evans & Fouts, Lubbock, Tex., for plaintiff.

Bobby D. Allen, Lubbock, Tex., for defendant.

## MEMORANDUM OPINION
## AND ORDER

WOODWARD, District Judge.

Plaintiff, The Atlantic Mutual Insurance Company, is a workmen's compensation carrier and has filed suit in this court against the claimant, Ervin Mitchell, who is an employee of Plains Cooperative Oil Mill. Plaintiff is a foreign corporation and the employee and his employer are both citizens of the State of Texas. The suit was to set aside the award by the Industrial Accident Board of the State of Texas to Mitchell of certain benefits under the workmen's compensation law of the State of Texas.

The defendant duly filed his motion, and brief in support thereof, to dismiss the complaint for lack of jurisdiction.

The defendant asserts that under the provisions of Title 28, U.S.C., Section 1332(c) that the plaintiff in this case has, for jurisdictional purposes, the same citizenship of its insured, a Texas corporation.

In support of his position the defendant has cited Vines v. United States Fidelity & Guaranty Co., 267 F.Supp. 436 (E.D.Tenn., 1967), in which the Tennessee Court held that in that case the defendant corporation took the citizenship of its insured employer, which was the same citizenship of the plaintiff in the case, and therefore no diversity existed, and denying a motion to dismiss. This case is distinguishable from the one now before this court because the workmen's insurance carrier was the defendant in the Tennessee case while the insurance company appears as the plaintiff in the instant case. The provisions of the Code which the defendant would use to deny jurisdiction in this case plainly states that in any direct action *against* the insurer of a policy, such insurer shall be deemed to be a citizen of the state of which the insured is a citizen.

The legislative history of this section of the Code before the Congress indicates very clearly that this particular section of the statute was enacted to alleviate the heavy case load caused by the great number of private cases filed in the Federal Courts in Louisiana under a Louisiana direct action statute which permits a suit directly against a tort feasor's insurance company without making the insured a party defendant. Diversity was established in those cases by the fact that the insurance company would be incorporated in another state, even though all of the persons involved in the transaction or accident were residents and citizens of Louisiana. The enactment of Section 1332(c) would therefore prevent the use of Louisiana's direct action statute to create diversity in the Federal Courts. This was the situation which this section was intended to correct, and nothing has been called to the attention of this court that would indicate that the Congress had intended that this amendment would apply in those cases where the insurance carrier was the plaintiff. This case not being *against* the workmen's compensation insurance carrier the provisions of 1332(c) do not apply both as shown by the exact language of the amendment as well as the legislative history thereof.

In view of this it is not necessary that the court pass on the question of whether or not this is a "direct action" under the Texas Workmen's Compensation Act.

The record shows that this suit was filed in this court prior to the time that a similar suit was filed by the defendant as plaintiff in the state court. There is nothing in this timing of the filing of the suits that would destroy jurisdiction of a Federal Court.

Accordingly it is ordered that the defendant's motion to dismiss be and the same is hereby denied.