**Paz R. HERNANDEZ, Plaintiff-Appellee,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant-Appellant.**

**No. 73–1226.**

United States Court of Appeals, Fifth Circuit.

Feb. 19, 1974.

Rehearing and Rehearing En Banc Denied April 16, 1974.

Jerry A. Gibson, Dayton G. Wiley, San Antonio, Tex., for defendant-appellant.

Les Mendelsohn, San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

WISDOM, Circuit Judge:

The defendant-appellant, Travelers Insurance Company, brings this interlocutory appeal under 28 U.S.C. § 1292(b) from the denial by the district court of Travelers' motion to dismiss for want of subject matter jurisdiction. The question for decision is whether in a direct action by an employee against his employer's workmen's compensation insurer, the insurer shall be deemed a citizen of the state of which the employer is a citizen for purposes of determining whether diversity of citizenship jurisdiction exists. We hold that in such cases a workmen's compensation insurer should be deemed a citizen of the state of which the insured is a citizen, and accordingly we reverse.

The plaintiff-appellee, Paz R. Hernandez, is a citizen of Texas. He sustained the injuries involved in this suit while he was working for the Parker Transport Company, a proprietorship wholly owned by J. F. Parker. Parker d/b/a Parker Transport Company, and Contractors Hauling, Inc., a Texas corporation wholly owned by Parker, are the named insureds under Workmen's Compensation and Employer's Liability Policy No. UB4801599, issued by Travelers. Both Parker and Contractors Hauling, Inc., are citizens of Texas. Travelers is incorporated in Connecticut and has its principal place of business there.

The case turns on a 1964 amendment to the diversity of citizenship jurisdictional statute, 28 U.S.C. § 1332(c). The amendment added the following proviso:

That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated, or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

If this proviso applies to suits brought by a workman against his employer's workmen's compensation insurer, then Travelers in this suit must be deemed a citizen of Texas, and there is no diversity jurisdiction. If not, of course, Travelers must be deemed a citizen of Connecticut, and there is diversity jurisdiction.

We have found no circuit court decision in point. The United States district court for the Eastern District of Tennessee, however, has twice considered the precise question at issue here, and both times has held that a suit by a workman against his employer's insurer was a "direct action against the insurer of a policy or contract of liability insurance" within the meaning of § 1332(c). Vines v. United States Fidelity & Guaranty Co., E.D.Tenn.1967, 267 F.Supp. 436; Lane v. Insurance Company of North America, E.D.Tenn.1967, 268 F. Supp. 345. In *Vines*, the court found first that a workman's compensation insurance policy was a "policy or contract of 'liability insurance' ":

The term "liability insurance" is applied to contracts which provide for indemnity against liability. Zieman v. United States Fidelity & Guaranty Co. of Baltimore, 214 Iowa 468, 238 N.W. 100. Liability insurance is that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others, Cushing v. Maryland Casualty Company, (C.A. 5, 1962) 198 F.2d

536, or in a broader sense, against loss or liability on account of injuries to property. State ex rel. Travelers Indemnity Company v. Knott, 114 Fla. 820, 153 So. 304, 155 So. 115. A policy of liability insurance is a policy that indemnifies against the condition of becoming liable. Graves v. National Mutual Casualty Company, 164 Kan. 267, 188 P.2d 945; Dunn v. Jones, 143 Kan. 218, 53 P.2d 918.

267 F.Supp. at 437. The *Vines* court next found that a direct action against the insurer on the workmen's compensation policy, allowed by Tennessee's workmen's compensation law, was a "direct action" within the meaning of the 1964 amendment. The court therefore held that it had no jurisdiction over a suit precisely analogous to the case at bar.

 We agree with the reasoning of the Tennessee district court:

Congress intended that wherever a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insuror [sic] without joining the insured and without having first obtained a judgment against the insured, the insurer shall be deemed a citizen of the State of which the insured is a citizen as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business, for the purposes of determining whether diversity jurisdiction exists.

*Vines*, 267 F.Supp. at 438–439. We agree, too, that a workman's compensation policy such as the one involved here is a "policy or contract of insurance" within the meaning of § 1332(c); and that an action such as this is a "direct action" within the meaning of that provision.

The appellee makes a single major argument in opposition to this conclusion. Travelers argues that Congress intended the 1964 amendment to be read in light of its history, and that it should therefore be limited by the conditions which led to its adoption. The 1964 amendment was a response to "direct action" statutes adopted in Louisiana and Wisconsin, allowing direct actions against liability insurers by persons injured in motor vehicle accidents. La.Rev.Stat. Ann. § 22:655 (1959); Wis.Stat. §§ 204.30(4), 260.11(1) (1963). The Supreme Court had held in Lumbermen's Mutual Casualty Co. v. Elbert, 1954, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59, that in actions brought under these statutes, diversity jurisdiction existed as long as there was diversity of citizenship between the injured claimant and the insurer, regardless of the citizenship of the insured. As a result of this decision, a large number of automobile accident cases were brought in the federal district courts in Louisiana, creating a considerable burden on the dockets of those courts, which in 1964 were the most crowded dockets in the nation. There is no doubt that the 1964 amendment was motivated by congressional concern over the crowded dockets in Louisiana. See S.Rep. 88–1308, in 1964 U.S. Code, Cong. & Admin.News pp. 2778, 2779–2784; 1 J. Moore, Federal Practice and Procedure ¶ 0.77[4]; Weckstein, The 1964 Diversity Amendment: Congressional Indirect Action Against State "Direct Action" Laws, 1965 Wis.L.Rev. 268, 269–71. Reviewing this history, the appellee argues that Congress intended that the amendment should apply only to direct actions brought under statutes similar to the Wisconsin and Louisiana statutes—that is, statutes providing for direct actions in motor vehicle or in tort cases.

We cannot accept this argument. Whatever may have been the specific evil prompting congressional action in 1964, Congress chose to remove *all* direct actions from the diversity jurisdiction. The language of the statute is not subject to a limitation to motor vehicle cases, or to cases where the insured's liability is imposed by tort law. See *Vines*, 267 F.Supp. at 438.

If Congress had wished to limit § 1332(c) to tort actions or had wished to

exclude workmen's compensation suits from § 1332, it would have been simple enough for it to have done so by appropriate language. Congress was familiar with the burden workmen's compensation cases imposed on federal courts. In 1958 it enacted 28 U.S.C. § 1445 prohibiting the removal of "a civil action in any State court arising under the workmen's compensation laws of such state". The Judicial Conference of the United States had recommended passage of the statute; the work load of federal courts had "greatly increased because of the removal of workmen's compensation cases from the State courts to the [district] courts". Quoted in Sen.Rep. 1830, 85 Cong. 2nd Sess., U.S.Code Cong. & Admin.News p. 3105 (1958). Judge Estes has pointed out: "Workmen's compensation cases arise and exist only by the virtue of state laws. No federal question is involved and no law of the United States is involved in these cases." National Surety Corporation v. Chamberlain, N.D.Tenn.1959, 171 F.Supp. 591. In that case the district court held that the statute imposed a jurisdictional bar to an action by an insurance carrier brought in the federal district court to set aside an award of the Industrial Accident Board. This Court, in a later case, overruled Judge Estes' ruling on the ground that it went beyond "the face of the act itself". If the intent of Congress had been to withdraw these cases from federal jurisdiction, it would have said so by the simple insertion of the words "or filed in the United States District Courts". Liberty Mutual Ins. Co. v. Horton, 5 Cir. 1960, 275 F.2d 148. The Supreme Court affirmed this Court in a five to four opinion, also stating: "In this situation, we must take the intent of Congress with regard to the filing of diversity cases in Federal District Courts to be that which its language clearly sets forth. Congress could very easily have used language to bar filing of workmen's compensation suits by the insurer as well as the removal of such suits, and it could easily do so still." Horton v. Liberty Mutual Ins. Co., 1961, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890. Similarly, when the language of a congressional act is plain and specific, courts have no more license to shorten the reach of the act than to lengthen it.

█ Travelers also argues that the proviso to § 1332(c) does not apply because under Texas law, the injured employee is *not* allowed to sue his *employer* directly, but is instead relegated to an action against the insurer. His remedy is before the Texas Industrial Accident Board; and in judicial review proceedings after the board has acted, the parties are the employee and the insurer, not the employer. See Vernon's Ann. Tex.Rev.Civ.Stat., art. 8306, § 3. This fact does not change our conclusion, however. Indeed, the Texas law goes further than a "direct action" statute, which simply permits a suit against the insurer, without joining the insured. The action in Texas against the insurer is still a "direct action", as we conceive it; the workmen's compensation context in Texas is still one where, in the words of the *Vines* court, "a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insur[e]r without joining the insured and without having first obtained a judgment against the insured".

Beyond this, the appellee relies upon a number of cases holding the 1964 amendment inapplicable. All of these cases are inapposite. Two of them [1] involved suits by the *insured*, not an injured party, against an insurer, seeking declaratory relief to determine the extent of coverage under a liability policy. Two others [2] involved suits by either the insured or an injured party against the insurer, not on the primary liability, but

1. White v. United States Fidelity & Guaranty Co., 1 Cir. 1966, 356 F.2d 746; Walker v. Fireman's Fund Ins. Co., D.C.Mont.1966, 260 F.Supp. 95.

2. Bourget v. Government Employees Ins. Co., D.C.Conn.1970, 313 F.Supp. 367; Walker v. Fireman's Fund Ins. Co., D.C.Mont.1966, 260 F.Supp. 95.

for failure to settle within policy limits. Three others[3] involved actions on uninsured motorists policies; these cases hold, correctly, that an uninsured motorists policy is not a "policy or contract of '*liability* insurance' ". The last,[4] decided by the Eastern District of Tennessee, is a case holding the amendment inapplicable where an *insured* sued for the use and benefit of injured third parties.

Reversed and remanded with directions to dismiss the complaint.

3. Adams v. State Farm Mutual Auto Ins. Co., N.D.Miss.1970, 313 F.Supp. 1349; Bishop v. Allstate Ins. Co., W.D.Ark.1970, 313 F. Supp. 875; Inman v. MFA Mutual Ins. Co., E.D.Ark.1967, 264 F.Supp. 727.

4. Carvin v. Standard Accident Ins. Co., D.C. Tenn.1966, 253 F.Supp. 232.