Martha Nell CAMPBELL,
Plaintiff-Appellee,

v.

INSURANCE COMPANY OF NORTH
AMERICA, Defendant-Appellant,

Sentry Life Insurance Company,
Intervenor.

No. 76–4333

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 18, 1977.

Thomas E. Kurth, George E. Seay, Dallas, Tex., for defendant-appellant.

Robert C. Fults, Dallas, Tex., Smith E. Gilley, Richard A. Beacom, Jr., Greenville, Tex., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

This is an attempted appeal via trial de novo from an award of workmen's compensation by the Texas Industrial Accident Board. Diversity jurisdiction would exist but for 28 U.S.C. § 1332(c):

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: Provided further, that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

The district court dismissed the insurance company's suit on the authority of *Hernandez v. Travelers Insurance Co.*, 489 F.2d 721 (5th Cir. 1974), in which we held that in such an attempted appeal by the injured workman, the insurer sued should be deemed a citizen of the state of the insured-employer. Diversity jurisdiction was therefore wanting.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

The sole distinction between *Hernandez* and this case is that here it is the insurer which wishes to appeal and has sought to invoke federal jurisdiction to do so. We hold it is without a difference. All the policy considerations arguing for the application of § 1332(c) made in *Hernandez*, and so well set out there, argue that it be applied here. Appellant asserts that this is not such a "direct action against the insurer" as § 1332(c) concerns. As for "directness," the case is as immediate between the injured claimant and the insurer as was *Hernandez*. That opinion disposes of all but the circumstance that here the shoe is on the other foot, the insurer is bringing suit to appeal against the claimant. The distinction urged is valid, but too thin. As noted, all the same policy considerations for our earlier holding apply here. In addition, the actual nature of the claim to the board and appeal to the court, the overall proceeding seen as a whole, is that of a process initiated by the injured workman against the insurer; and even on the de novo appeal, the burden of proof remains with the plaintiff. Indeed, the district court formally realigned the parties below to reflect this fact. Finally, to accept appellant's contention would be construe the statute so as to provide jurisdiction in federal court for a dissatisfied insurer—since the appeal action is not *against* it—but none for the unhappy claimant. Such a result argues eloquently against appellant's contention. *Atlantic Mutual Ins. Co. v. Mitchell*, 333 F.Supp. 70 (N.D.Tex.1971), to the contrary is overruled.

AFFIRMED.