FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Plaintiff,

v.

SOUTHERN UTILITIES, INC., et al., Defendants.

Civ. A. No. 81-81-ATH.

United States District Court, M. D. Georgia, Athens Division.

Oct. 21, 1981.

George C. Reid, Atlanta, Ga., for plaintiff.

Gary B. Blasingame, Gene Mac Winburn, Athens, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

This is a declaratory judgment action brought by Fidelity and Deposit Company of Maryland (F&D) to determine its liability on a "Comprehensive, Dishonesty, Disappearance, and Destruction Policy" issued to defendant Southern Utilities, Inc., and under which Southern Utilities has filed a claim for loss due to the alleged dishonesty of defendant Hayworth. Prior to the initiation of this declaratory judgment action, Southern Utilities filed an action against F&D to recover on the policy, which action is presently pending in the United States District Court for the Western District of Missouri and in which F&D has attempted to implead Mr. Hayworth. Asserting identical grounds for relief, defendants Southern Utilities and Hayworth now move the court to dismiss, stay, or transfer this case to the Western District of Missouri.

Defendants' first contention is that this action should be dismissed for lack of diversity jurisdiction due to the applicability of 28 U.S.C.A. § 1332(c), which provides in pertinent part:

"Provided, further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, ..."

Defendants contend that this provision also applies to actions brought *by* an insurance company, and that it makes F&D a resident of Georgia for diversity purposes since the insured Southern Utilities is a resident of this state. Congress enacted the above amendment to § 1332(c) specifically to eliminate from diversity jurisdiction tort claims in which both parties (the injured party and the insured tortfeasor) are local residents, but which under a state "direct action" statute are brought by the injured party against a foreign insurance company without joining the local insured as a defendant. *White v. United States Fidelity and Guaranty Co.*, 356 F.2d 746, 747 (1st Cir. 1966), *citing* S.Rep.No.1308, 88th Cong., 2d Sess. 1, U.S.Code Cong. & Adm.News 1964, p. 2778 (1964); *Velez v. Crown Life Insurance Co.*, 599 F.2d 471 (1st Cir. 1979). *See generally*, 13 Wright, Miller and Cooper, *Federal Practice and Procedure* § 3629 at p. 829 (1975). In *Campbell v. Insurance Company of North America*, 552 F.2d 604, 605 (5th Cir. 1977), relied upon by defendants, the Fifth Circuit Court of Appeals followed the intentions of § 1332(c) while extending it to apply in an action brought by an insurance company against an injured worker's compensation claimant. The court reasoned:

"As for 'directness,' the case is as immediate between the injured claimant and the insurer as was *Hernandez* [*v. Travelers Insurance Co.*, 489 F.2d 721 (5th Cir. 1974)]. That opinion disposes of all but the circumstance that here the shoe is on the other foot, the insurer is bringing suit to appeal against the claimant. The distinction urged is valid but too thin... In addition, ... the overall proceeding, seen as a whole, is that of a process initiated by the injured workman against the insurer ...."

*Id.* at 605.

It is clear from the history and application of the above provision of 1332(c), including the decision in *Campbell*, that, while this provision may apply in actions by or against an insurer, it applies only to "direct actions" between the insurer and an injured party. It does not apply to actions between the insurer and the insured. *See, Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 724, fn. 1 (5th Cir. 1974); *White v. United States Fidelity and Guar-*

anty Co., supra; *Adams v. State Farm Mutual Auto Ins. Co.*, 313 F.Supp. 1349, 1351–2 (N.D.Miss.1970); *Inman v. M. F. A. Mutual Ins. Co.*, 264 F.Supp. 727 (D.C.Ark.1967); Wright, Miller and Cooper, *supra*, at p. 832. Since this is an action between an insurer and its insured, § 1332(c) and *Campbell* are clearly not applicable. Further, the court finds that this case is controlled by the recent decision of the Fifth Circuit in *Dairyland Insurance Co. v. Makover*, 654 F.2d 1120 (5th Cir. 1981). In that case, at page 1125, the Fifth Circuit held that § 1332(c) is not applicable to a declaratory judgment action instituted, as here, by the insurer pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, to determine coverage under an insurance policy. For these reasons, the court holds that diversity jurisdiction is present in this case.

 Defendants would have the court dismiss or stay further proceedings in this action, or transfer this action to the Federal District Court for the Western District of Missouri, because of the fact that there is presently pending in that court an earlier-filed suit (hereinafter "Missouri suit") brought by Southern Utilities against F&D and involving substantially the same issues ಎs this case. Although these suits are similar, they are not identical, as the instant action involves two claims not subject to resolution in the Missouri suit. In the instant suit, F&D has asserted a claim against Mr. Hayworth and he has appeared and responded to the claim. F&D was unable to obtain service of process over Mr. Hayworth with respect to its third-party claim in the Missouri suit. Additionally, in the instant suit defendant Hayworth has filed a cross-claim against defendant Southern Utilities. Dismissal of this action would leave these claims unsettled and very possibly result in a multiplicity of actions. Thus, more full and effective relief can be obtained in this court.

The factors to be considered in determining whether to transfer a case are the convenience of the parties and witnesses, the interests of justice, and whether or not the action could have been brought in the transferee district. 28 U.S.C.A. § 1404(a). F&D cannot effectively assert its claim against Mr. Hayworth in the Missouri suit. This case involves a Georgia claimant who alleges that the dishonesty of an employee in its Athens, Georgia office caused a loss in connection with a construction project in South Carolina, which loss is alleged to be covered by an insurance policy delivered in Georgia. Thus, Georgia has a much greater connection with the case than does Missouri. The pertinent records of both companies can easily be moved to this state if they have already been sent to Missouri. All parties have already associated Georgia counsel who can represent them in this court. Finally, this court has received informal notice from the office of the District Judge before whom the Missouri suit is pending that that action will likely be transferred to this court.

For all the above-stated reasons, defendants' motions to dismiss, stay, or transfer this action are hereby DENIED.