**NORTHBROOK NATIONAL
INSURANCE COMPANY,
Plaintiff–Appellant,**

v.

**Larry W. BREWER,
Defendant–Appellee.**

No. 88–2238.

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1988.

E. Thomas Bishop, P. Michael Jung, Strasburger & Price, Dallas, Tex., for plaintiff-appellant.

Timothy M. Fults, Dallas, Tex., Coy Johnson, Sulphur Springs, Tex., (Francis, Fults & Francis, P.C.), Dallas, Tex., for defendant-appellee.

Tommy Jacks, Austin, Tex., for amicus TX Trial Lawyers Assoc.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Larry Brewer is a Texas citizen. Alleging an injury sustained in the course of his employment, Brewer filed a workers' compensation claim with the Texas Industrial Accident Board. Brewer works for Whitmire Line Clearance, Inc., a Texas corporation. Whitmire's workers' compensation insurer, Northbrook National Insurance Company, is incorporated and maintains its principal place of business in Illinois. On May 14, 1987, the Board rendered a final award on Brewer's claim.

Northbrook filed this action against Brewer in federal district court on May 27, 1987, appealing the Board's compensation award. Brewer moved to remand the case to state court on the ground that the federal court lacked diversity jurisdiction due to the following proviso of 28 U.S.C. § 1332(c) (emphasis supplied):

> *[I]n any direct action against the insurer of a policy or contract of liability insurance,* whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.[1]

Noting that remand would be an inappropriate remedy, the district court dismissed the action for lack of subject matter jurisdiction, reluctantly relying on *Hernandez v. Travelers Insurance Co.*, 489 F.2d 721 (5th Cir.), *cert. denied*, 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974) and *Campbell v. Insurance Company of North America*, 552 F.2d 604 (5th Cir.1977) (per curiam). The district court stated its opinion that "these decisions do not represent an appropriate application of section 1332(c)," citing *Aetna Casualty & Surety Insurance Co. v. Greene*, 606 F.2d 123 (6th

---

**1.** In cases not subject to this proviso, a corporation will be deemed for purposes of diversity jurisdiction and removal a citizen of the states where it is incorporated and has its prin-

cipal place of business. 28 U.S.C. § 1332(c). The proviso makes it possible for a corporation which falls within its terms to be deemed a citizen of three states rather than just two.

Cir.1979), but applied them nevertheless as binding precedent.

### Legislative Purpose Behind the § 1332(c) Proviso

Section 1332(c) was amended in 1964, the quoted proviso being added in response to direct action statutes adopted in Louisiana and Wisconsin. S.Rep. No. 1308, 88th Cong., 2d Sess., *reprinted in* 1964 U.S. Code Cong. & Admin.News 2778, 2779. Normally, a state law tort claim between residents of the same state would fall within the exclusive jurisdiction of the state courts. A direct action statute allows the injured party to bring suit directly against the insurer without joining the local tortfeasor, thus, in the case of an out-of-state insurance company creating diversity jurisdiction where none existed before. As a result, the federal courts in the eastern district of Louisiana ended up with by far the heaviest caseload per judge of any district in the United States as new cases flooded in. *Id.* at 2779–81. The purpose of Congress' amendment to § 1332(c) was "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant." *Id.* at 2778–79.

### Fifth Circuit Application of § 1332(c) to Workers' Compensation Cases

In *Hernandez,* this court applied the § 1332(c) proviso to a workers' compensation claim filed by a Texas citizen against his employer's out-of-state insurance carrier, requiring the action to be dismissed for lack of subject matter jurisdiction. 489 F.2d at 722. We held that a suit filed against an insurer under a workers' compensation statute is a "direct action" within the meaning of § 1332(c), *id.* at 723, despite

the unique Texas statute which does not allow the employee to sue his employer directly, but relegates him to an action against the insurer. *Id.* at 724. We further held that workers' compensation insurance is a " 'policy or contract of [liability] insurance' within the meaning of § 1332(c)." *Id.* at 723.

In *Campbell,* the shoe was on the other foot. 552 F.2d at 605. An insurance company sought to appeal a workers' compensation award by the Texas Industrial Accident Board by filing an action in federal court. *Id.* at 604. *Hernandez* controlled entirely except for the circumstance that here the insurer brought the action rather than the claimant. *Id.* at 605. We recognized this distinction as "valid, but too thin" to merit a different result from *Hernandez. Id.* First, we suggested that the same policy considerations apply regardless of whether the claimant or the insurer brings the action. *Id.* Second, we recognized that the overall proceeding was in the nature of a claim by the injured workman against the insurer,[2] and noted that the district court had formally realigned the parties below. *Id.* Finally, we argued that to construe the statute as the insurer asked would provide a federal forum for a dissatisfied insurer, but not for the claimant. This result we took as evidence that the statute should be interpreted otherwise. *Id.*

### Sixth Circuit Reaction: The Aetna Case

The Sixth Circuit in *Aetna* squarely rejected our holding in *Campbell.* 606 F.2d at 127. *Aetna* involved a declaratory judgment action brought by an insurer seeking to settle any workers' compensation claims arising out of an employee's accident. *Id.* at 125. The Sixth Circuit agreed with us that a workers' compensation suit is a "direct action" under § 1332(c) and that work-

---

**2.** The Texas statute governing workers' compensation appeals provides:

> If the final order of the [Industrial Accident] Board is against the Association, the Association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and *the court shall in*

*either event determine the issues* in such cause, instead of the Board, *upon trial de novo, and the burden of proof shall be upon the party claiming compensation.*

Tex.Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp. 1988) (emphasis added).

ers' compensation insurance falls within the meaning of "liability insurance." *Id.* at 125–26. Thus, the *Aetna* court had no difficulty with our decision in *Hernandez*. *See id.* at 127. However, they refused to follow *Campbell* in applying § 1332(c) to actions brought *by* rather than *against* an insurance company. *Id.* The Sixth Circuit argued first that Congress in the legislative history of § 1332(c) was concerned only with suits brought by injured parties and never mentioned suits brought by insurance companies. *Id.* Second, they believed that distinguishing between foreign insurers and local claimants falls within the "spirit" of diversity jurisdiction by providing a federal forum to an out-of-state insurer who "may, at least in theory, be subject to a local prejudice in favor of the injured resident." *Id.* Finally, in their opinion the *Campbell* decision violated the explicit language of § 1332(c), which applies only to suits *against* an insurance company. *Id.* The Sixth Circuit argued:

> No court is allowed to supplement a clear statutory provision such as § 1332(c), even when such supplement would produce beneficial results. To do so would exceed the court's power of statutory interpretation, and would encroach upon the congressional power to legislate.

*Id.* at 127–28.

### Appellant's Contentions

Appellant does not deny that the district court properly interpreted *Hernandez* and *Campbell* in dismissing its claim. Indeed, this case appears to be identical to *Campbell* in all material respects. Instead, appellant brings this action as a "test case," asking us to overrule either *Campbell* alone or both *Campbell* and *Hernandez*. Appellant levels three attacks upon our reasoning in those cases, any one of which, if accepted, would lead to the conclusion that the § 1332(c) proviso does not apply to bar its federal court action against Brewer.

First, appellant contends that an action under Texas' workers' compensation laws is not a "direct action" within the meaning of § 1332(c). Appellant argues that "direct action" is a term of art, referring to a suit brought directly against the insurer when liability could have been imposed upon the insured. *See Fortson v. St. Paul Fire & Marine Insurance Co.*, 751 F.2d 1157, 1159 (11th Cir.1985); *see also Hernandez*, 489 F.2d 724 (direct action is one against insurer alleging damage "for which [insured] is legally responsible") (*quoting Vines v. United States Fidelity & Guaranty Co.*, 267 F.Supp. 436, 438 (E.D.Tenn. 1967)). However, under the Texas workers' compensation scheme, an employer who purchases insurance is *not* legally responsible for injuries to employees, whose only cause of action lies against the insurer. Tex.Civ.Stat.Ann. art. 8306, § 3(a) (Vernon Supp.1988); *City of Austin v. Powell*, 321 S.W.2d 924, 930 (Tex.Civ.App. —Austin 1959, writ ref'd n.r.e.). Essentially, appellant contends that in *Hernandez* we correctly defined "direct action," but failed to correctly apply the definition to the unique Texas system of workers' compensation.

Second, appellant argues that *Campbell* erred in applying § 1332(c) to an action brought *by* rather than *against* an insurer. Appellant relies principally on the Sixth Circuit's reasoning in *Aetna*, discussed above. To overrule *Campbell* on this ground would not disturb our decision in *Hernandez*.

Finally, appellant contends that the workers' compensation policy at issue in this case is not a "policy or contract of liability insurance" within the meaning of § 1332(c). Appellant defines the term "liability insurance" as "an indemnity agreement which protects the insured against his liability to others." *Twin City Fire Insurance Co. v. Wilkerson*, 247 F.Supp. 766, 767 (E.D.Tenn.1965); *see also Hernandez*, 489 F.2d at 722 ("contracts which provide for indemnity against liability") (*quoting Vines v. United States Fidelity & Guaranty Co.*, 267 F.Supp. 436, 437 (E.D.Tenn. 1967)). Again relying on the rule that an employer in Texas who purchases workers' compensation insurance is not liable to his employees, appellant asserts that Texas workers' compensation insurance policies

cannot be considered "liability insurance" within the meaning of § 1332(c).[3]

*Campbell* already stands on weak jurisprudential legs in this Circuit. In *Dairyland Insurance Co. v. Makover*, 654 F.2d 1120 (5th Cir. Unit B Sept.1981), an insurance company brought a declaratory judgment action in federal court, seeking a determination of whether its policy covered a particular automobile accident. The majority determined that § 1332(c) did not apply, meaning the district court had subject matter jurisdiction. *Id.* at 1125. In so holding, the majority limited *Campbell* to its facts, arguing that the case "must be understood within the peculiar context of the de novo appeal procedure under Texas workmen's compensation law." *Id.* at 1124. Under the Texas statute, even though the insurer brings the appeal, the reviewing court conducts a trial de novo with the burden of proof remaining on the claimant.[4] *Id.* The dissent argued that *Campbell* was indistinguishable. *Id.* at 1128.

*Campbell* was again distinguished in *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir.1988), another declaratory judgment action by an insurer seeking a determination of a policy's coverage. In *Evanston*, the panel affirmed the district court's decision that § 1332(c) only applies to a "direct action 'against' the insurer," *id.* at 1188, apparently adopting the Sixth Circuit's reading of the statute in the *Aetna* decision. Again, the court distinguished *Campbell* on the ground that because of the "unusual state appellate procedure" of the Texas workers' compensation statute, the overall proceeding could be seen as a claim by the worker against the insurance company, even though the insurance company brought the federal action. *Id.* at 1189.

After *Dairyland* and *Evanston*, the law in this circuit appears to be that *Campbell* and the proviso to § 1332(c) will only be applied to bar a diversity action by an insurer where the insurer is appealing a decision under the Texas workers' compensation statute. It may well be that we should reconsider both *Campbell* and *Hernandez* as appellant requests. However, this panel does not have that authority. It is a settled rule in the Fifth Circuit that a panel's decision may only be overruled by the court sitting en banc. Therefore, as long as *Campbell* remains good law, the district court's decision to dismiss this action for lack of subject matter jurisdiction must be AFFIRMED.

---

3. Appellant concedes that an employer in Texas who does not subscribe to workers' compensation insurance will be liable to employees for injuries on a common law negligence theory. Arguably, then, even under Texas law, workers' compensation insurance is "liability insurance," since purchasing the policy relieves the employer of potential liability to injured employees. However, appellant correctly asserts that these policies are not indemnity agreements.

4. *See supra* note 2.