Joseph GREFER, et al.

v.

SCOTTSDALE INSURANCE CO., et al.

No. Civ.A. 01–1621.

United States District Court,
E.D. Louisiana.

Nov. 13, 2001.

Roger A. Stetter, Roger A. Stetter, LC, New Orleans, LA, Stuart Housel Smith, Michael G. Stag, Smith &. Harang, LLC, New Orleans, LA, for Plaintiffs.

Terrance Charle McRea, Brad E. Brewer, Brett A. Wallingford, Zelle, Hofmann, Voelbel, Mason & Gette, LLP, Dallas, TX, for Scottsdale Ins. Co. and Employers Ins. of Wausau.

Joseph Lee McReynolds, Janet L. Mac-Donnell, Deusch, Kerrigan & Stiles, New Orleans, LA, for Liberty Mutual.

W. Patrick Klotz, Jr., Klotz & Early, New Orleans, LA, Brian S. Martin, Janis H. Detloff, Thompson, Coe, Cousins & Irons, LLP, Houston, TX, for Highlands Ins. Co.

Glenn Gill Goodier, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Firemen's Ins. Co. of Newark, New Jersey.

BARBIER, District Judge.

Before the Court is Plaintiffs' **Motion to Remand** (Rec.Doc. 12). Defendants, Scottsdale Insurance Company ("Scottsdale") and Highlands Insurance Company ("Highlands") oppose the motion. The Court heard oral argument on the motion on November 7, 2001. Having considered the evidence submitted by both sides, the various memoranda, and the applicable law, the Court concludes, for the reasons that follow, that Plaintiff's motion should be **GRANTED.**

### Background

Plaintiffs, Joseph Grefer, Camille Grefer, Rose Marie Grefer Hassi, and Henry Greffer, jointly own real property in Harvey, Louisiana. Alpha Technical Services ("Alpha") operated a pipeyard in Harvey and conducted its pipe-cleaning operations on portions of the property owned by Plaintiffs and leased to Alpha and Intracoastal Tubular Services, Inc. ("ITCO"). Plaintiffs assert that during Alpha's cleaning of the oilfield pipe on Plaintiff's property, radioactive pipe scale was released, discharged, and dispersed on and under Plaintiff's land, via air dispersion, surface water runoff and dumping upon the property. According to Plaintiffs, Alpha negligently allowed pipeyard workers to handle and dispose of these radioactive materials so as to contaminate Plaintiffs' property and pose a threat to human health and the environment.

When Plaintiffs learned that their property was contaminated in 1997, they filed suit against Alpha, ITCO, Exxon, and OFS, Inc. in the Civil District Court for the Parish of Orleans, seeking compensatory and punitive damages from all defendants. Plaintiffs assert that, after suit was filed, all of Alpha's insurers were notified of the action and all denied coverage and refused to defend Alpha.

Subsequently, Alpha dissolved, and when Plaintiffs learned of its insolvency, they entered into a settlement agreement, pursuant to which Plaintiffs released Alpha from liability and Alpha, in turn, assigned to Plaintiffs its rights under the insurance policies. In the agreement, Plaintiffs expressly reserved "all causes of action that arise from the alleged property and personal injury damages made or that could have been made the subject of the [tort] suit against any insurer of [Alpha] who might have provided liability coverage for the event in question."

On April 3, 2001, the Civil District Court dismissed Alpha as a party from Plaintiffs' action. The jury in the underlying suit rendered a verdict in favor of Plaintiffs for over one billion dollars and apportioned 5% of the fault to Alpha on the jury verdict

form.[1]  On the same day the jury verdict in the underlying tort case was entered, Plaintiffs filed suit against Scottsdale in the 24th Judicial District Court for the Parish of Jefferson.  Scottsdale removed the action to this Court on May 29, 2001, based on diversity of citizenship; Plaintiffs are citizens of Louisiana and Scottsdale is a Delaware corporation with its principal place of business in Ohio.

On June 5, 2001, Plaintiffs filed an Amended Petition for Declaratory Judgment in this Court, naming as additional defendants, Highlands, Liberty Mutual, Employers Insurance of Wausau, and Firemen's Insurance Company, all foreign corporations.  The amended petition states that the action is one for breach of contract, declaratory judgment, and other relief pursuant to Louisiana's declaratory judgment provisions.

■ Subsequently, Plaintiffs moved to remand this action to state court on the grounds that Plaintiffs' suit is a direct action against the insurers as provided for by La.Rev.Stat. § 22:655,[2] and as such, the insurance companies must adopt the Louisiana citizenship of their insured, Alpha, under 28 U.S.C § 1332(c)(1), thereby destroying diversity of citizenship in this case. Scottsdale argues, on the other hand, that the instant suit is not a direct action as meant by 28 U.S.C. § 1332, and that the suit is properly in federal court.

**1.**  Pursuant to Louisiana's comparative fault laws, the jury assigned fault for Plaintiffs' damages to Alpha, even though Alpha was no longer a party in the case.  See La. Civ.Code art. 2323 (requiring that "the degree or percentage of fault of all persons causing or contributing to the injury ... shall be determined, regardless of whether the person is a party to the action or a nonparty").

**2.**  Louisiana Rev. Stat. § 22:655 provides in relevant part:

B.(1) The injured person ... at their option, shall have a right of direct action against

## Discussion

■ Louisiana allows injured parties to directly sue a tortfeasor's insurer under certain conditions.  For example, if a tortfeasor is insolvent, the injured party may bring a direct action against the insurer to establish the liability of the tortfeasor and recover damages from the insurer.  See La.Rev.Stat. § 22:655(B)(1)(b).  Because of the flood of litigation in Louisiana's federal district courts pursuant to the direct action statute, Congress amended 28 U.S.C. § 1332 to require that the insurer in a direct action suit adopt the citizenship of its insured, so as to increase the likelihood of a direct action suit staying in state court.[3]  See Hernandez v. Travelers Ins. Co., 489 F.2d 721, 723 (5th Cir.1974).

■ However, the fact that an insurer is named as a direct party in an action does not necessarily make the litigation a direct action for purposes of the federal diversity statute.  See Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1188 (5th Cir.1988).  A direct action, for purposes of 28 U.S.C. § 1332(c)(1), is one in which the victim or injured party is permitted to sue the tortfeasor's insurance carrier directly for the insured's tortious conduct without first obtaining a judgment against the tortfeasor.  See Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 995 (5th Cir.1985); Searles v. Cincinnati Ins. Co., 998 F.2d 728, 729 (9th Cir.1993); Fortson v. St.

the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido ....  However, such action may be brought against the insurer alone only when:

(b) The insured is insolvent;

**3.**  At the time of the amendment, Louisiana and Wisconsin were the only states with such direct action statutes.  See Hernandez, 489 F.2d at 723.

*Paul Fire and Marine Ins. Co.,* 751 F.2d 1157, 1159 (11th Cir.1985). In other words, the plaintiff brings the tort action against the insurer that it would have otherwise brought against the insured. *Gov't Employees Ins. Co. v. LeBleu,* 272 F.Supp. 421, 430 (E.D.La.1967) (holding that a direct action simply allows the plaintiff to litigate the issue of the tortfeasor's liability and damages with its insurer instead of having to first sue an insolvent tortfeasor and then proceed against its insurer).

■ Accordingly, courts have found that certain types of actions are not direct actions for purposes of diversity of citizenship, even if the insurer is named as a direct party by the plaintiff. For example, actions for breach of contract are not considered direct actions. *See, e.g., Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 995 (5th Cir.1985); *North Am. Specialty Ins. Co. v. Georgia Gulf Corp.* 99 F.Supp.2d 726, 728 (M.D.La.,2000); *Deutsche–Schiffahrtsbank A.G. v. A. Bilbrough and Co., Ltd.,* 563 F.Supp. 1307, 1309 (E.D.La.1983); *Taylor v. Fishing Tools, Inc.,* 274 F.Supp. 666, 673 (E.D.La. 1967).

■ Furthermore, claims alleging an insurer's breach of good faith and fair dealing have been found not to constitute direct actions. *See, e.g., Rosa v. Allstate Ins. Co.,* 981 F.2d 669, 675 (2nd Cir.1992); *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 847 (10th Cir.1988); *John Cooper Produce, Inc. v. Paxton Nat'l Ins. Co.,* 774 F.2d 433, 435 (11th Cir.1985); *Beckham v. Safeco Ins. Co. of Am.,* 691 F.2d 898, 902 (9th Cir.1982). Nor is a plaintiff's claim brought under an assignment of rights by the insured considered to be a direct action. *See, e.g., Ragas v. MGA*

*Ins. Co.,* 1996 WL 467288, *1 (E.D.La., Aug. 14, 1996).

Turning to the instant case, Plaintiffs' counsel conceded at oral argument that some of the claims against Alpha's insurers are outside the scope of a direct action for purposes of 28 U.S.C. § 1332(c)(1). For example, Plaintiffs' breach of contract claims against Defendants, brought in their capacity as assignees of Alpha, alone clearly do not make this suit a direct action, as Plaintiffs are standing in Alpha's shoes seeking to enforce Alpha's contractual rights against Defendants, rather than suing Defendants in place of Alpha for Alpha's alleged negligence. Defendants argue that these contractual claims are, in fact, the only claims brought by Plaintiffs in this case and that, because Plaintiffs have failed to raise the issue of Alpha's underlying tort liability and have only brought a declaratory judgment action seeking to litigate claims sounding in contract and arising out of Alpha's assignation of rights, this is not a direct action and complete diversity exists.

■ Despite Defendants' argument, the Court concludes that whether Alpha ultimately is liable or not for Plaintiffs' damages is still the primary issue to be litigated in this case, regardless of the fact Plaintiffs' petition may not make that absolutely clear.[4] Furthermore, contrary to Defendants' argument that Alpha's liability has already been established and settled, Alpha did not admit liability in the agreement releasing it from the underlying tort suit. Nor does the fact that a jury assigned Alpha with 5% of the fault in the underlying tort suit have any binding effect on Alpha or its insurers as none

---

4. Although the claims as alleged in the petition were stated with less clarity than as explained by Plaintiffs' counsel at oral argument, to the extent that there is any doubt as to federal subject matter jurisdiction, such

doubt must be resolved in favor of remand. *See Heaton v. Monogram,* 1999 WL 1789422, *1 (E.D.La., Nov. 22, 1999) (citing *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 792 (C.A.D.C.1983)).

were parties to the suit. Finally, Plaintiffs' amended petition does assert that Defendants are liable "for the damages claimed in the Underlying Suit. . . ." (Rec.Doc. 6, ¶ XXIII).

In conclusion, the Court finds that, because the parties in this suit must first litigate the issue of Alpha's alleged negligence and tort liability to Plaintiffs—which claims clearly fall under the definition of a direct action—the defendants must adopt Alpha's citizenship for purposes of 28 U.S.C. § 1332(c)(1). Plaintiffs' contractual claims as assignees under the insurance policies are secondary to the primary issue at hand, whether Alpha is liable for damages to Plaintiffs' property so that Plaintiffs can recover those damages from Alpha's insurers. While the Court agrees with Defendants that if Plaintiffs' only claims were made in their capacity as assignees to Alpha's contractual rights, this suit would not constitute a direct action and diversity jurisdiction would exist, the Court concludes that is not the case here. Because Defendants must adopt Alpha's citizenship, diversity does not exist, and this Court does not have subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), this case must be remanded to the state court where it was originally filed.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED,** and the case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[5]

---

**5.** During oral argument, Plaintiffs' counsel withdrew the request for attorney's fees and costs incurred as a result of removal, acknowledging that the title of Plaintiffs' petition, "Amended Petition for Declaratory Judgment," was not a model of clarity and may have been misleading as to the nature of the underlying claims actually being asserted.