**TWIN CITY FIRE INSURANCE COMPANY**

v.

**Howard L. WILKERSON and Ruby A. Wilkerson.**

**Civ. A. No. 5445.**

United States District Court
E. D. Tennessee, N. D.

Nov. 8, 1965.

F. Graham Bartlett, McCampbell, Young & Bartlett, Knoxville, Tenn., for plaintiff.

Allen Kidwell, Oak Ridge, Tenn., Ray L. Jenkins, Jenkins & Jenkins, Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, Chief Judge.

This lawsuit was begun by plaintiff in the Law and Equity Court for Anderson County, Tennessee, against the defendant, Twin City Fire Insurance Company, to collect under the insurance policy issued upon the house of plaintiffs for damage to said house from concussion and vibration from the use of explosives by the Tennessee Valley Authority in constructing its Bull Run Steam Plant. The defendant has filed a petition to remove said cause to this Court under the provisions of Title 28 U.S.C. Sec. 1441.

The original plaintiffs have in turn filed a motion to dismiss the petition for removal on the ground that under subsection (c) of Section 1332 of Title 28 U.S.C., the petitioner and original defendant would be deemed a citizen of the state of which insured is a citizen and that, therefore, the petition must fail for lack of diversity of citizenship.

Subsection (c) was enacted on August 14, 1964 and reads as follows:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: Provided further, That in any direct action against the insurer of *a policy or contract of liability insurance,* whether incorporated or unincorporated, to which action the

insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." (Emphasis added.)

This is a case of first impression. The petitioner argues that the words, "a policy or contract of liability insurance" have a limited meaning which is confined to those types of insurance "by which insured is indemnified against loss or liability on account of bodily injuries sustained by others, or, in a broader sense, against loss or liability on account of injuries to property," and that this limited meaning cannot be expanded to cover a fire insurance type of coverage. Put in a nutshell, petitioner says liability insurance covers the insured's liability for damages he may cause to third persons, while fire insurance protects insured from damages to his own property from outside causes. The one provides indemnity against liability; the other, indemnity against loss. In support of this distinction, petitioner cites the cases of State ex rel. Travelers Indemnity Company v. Knott, 114 Fla. 820, 153 So. 304, 155 So. 115, and Zieman v. United States Fidelity and Guaranty Company of Baltimore, Maryland, 214 Iowa 468, 238 N.W. 100. See also, Associated Indemnity Corporation of San Francisco, California, v. McAlexander, 168 Tenn. 424, 79 S.W.2d 556.

In Louisiana, "liability insurance" has been interpreted to mean that form of insurance by which insured is indemnified against liability on account of bodily injuries sustained by others. Cushing et al. v. Maryland Cas. Co., 198 F.2d 536, 538 (C.A.5).

Although the question is not wholly without doubt, these and other cases indicate to the Court that the term "liability insurance" has over the years to come to be accepted in the Courts as meaning an indemnity agreement which protects the insured against his liability to others, and the report of the Senate Com-

mittee on the subsection (c) amendment as found in U.S.Code Congressional and Administrative News, Vol. 2 for 1964, p. 2778, discloses that it was this meaning that the Senate had in mind in considering the amendment which was proposed to meet a crowded condition peculiar to the federal courts of Louisiana in this type of case.

It is ordered that the petition to remove be granted and that the motion to dismiss the petition be, and same hereby is, denied.