**AETNA CASUALTY & SURETY INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Leyron Alvin GREENE, Defendant-Appellee.**

**No. 79–1126.**

United States Court of Appeals, Sixth Circuit.

Argued June 13, 1979.

Decided Sept. 11, 1979.

---

H. Richard Marcus, Luther, Anderson, Cleary, Luhowiak & Cooper, Chattanooga, Tenn., for plaintiff-appellant.

Perla I. Periut, Etowah, Tenn., R. Jerome Shepherd, Cleveland, Tenn., for defendant-appellee.

Before ENGEL, Circuit Judge, PECK, Senior Circuit Judge, and BROWN, District Judge.*

JOHN W. PECK, Senior Circuit Judge.

In 1964 Congress limited the diversity jurisdiction of the federal courts by adding the following language to 28 U.S.C. § 1332(c):

> . . . in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

This provision of § 1332(c), through explicit language, applies to " . . . any direct action *against* an insurer of a policy or contract of liability insurance . . . ." 28 U.S.C. § 1332(c) (emphasis added). In the light of this language, it is settled law that the 1964 amendment to § 1332(c) destroys diversity jurisdiction in certain direct actions brought against an insurance company. However, the present appeal does not involve an action that is technically *against* an insurance company. To the contrary, the present appeal involves an action in which the insurance company is the moving party. The critical issue now before this Court, therefore, is whether § 1332(c) destroys diversity jurisdiction in a direct action brought, not *against*, but *by* a liability insurer.

* Honorable Bailey Brown, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation.

The "insurer" in the present case is the plaintiff, Aetna Casualty & Surety Company, a corporation organized under the laws of the State of Connecticut with its principal place of business there. The "injured party" in the case is the defendant, Leyron Greene, a citizen of Tennessee. The "insured" is defendant's former employer, Marvin Johnson. Johnson is also a citizen of Tennessee, but he has not been joined as a party to the action.[1]

The facts of the case need not be explained in detail. Suffice it to say that defendant allegedly sustained work-related injuries in August 1976. At that time, defendant was employed by Johnson, and Aetna was Johnson's workers' compensation insurance carrier. The present appeal stems from a declaratory judgment action brought by Aetna for the purpose of settling any compensation claims that might arise as a result of defendant's 1976 accident. Aetna based its action on diversity jurisdiction, claiming that it was a citizen of Connecticut while defendant was a citizen of Tennessee. 28 U.S.C. § 1332(a). At the outset of the action, defendant moved for dismissal on the ground that Aetna took on the citizenship of the insured employer, in accordance with § 1332(c) (". . . a [liability] insurer shall be deemed a citizen of the State of which the insured is a citizen . . ." for jurisdictional purposes). The district court, agreeing that § 1332(c) controlled the present case, dismissed the action for lack of diversity. If, as the district court concluded, § 1332(c) is applicable to this action, the court was clearly correct in granting defendant's motion for dismissal. On appeal, therefore, this Court must decide whether the provisions of § 1332(c) apply to a declaratory judgment action brought, not against, but by a workers' compensation insurance carrier.

Congress amended § 1332(c) in 1964, after the States of Louisiana and Wisconsin had enacted what are commonly called "direct action" statutes. La.Rev.Stat.Ann. § 22:655 (1959); Wis.Stat. §§ 204.30(4), 260.11(1) (1963). These statutes allow an injured party to pursue a right of action against an out-of-state insurance company, without joining the in-state insured. As is readily apparent, direct action statutes tend to expand diversity jurisdiction by doing away with an injured party's obligation to join an insured who is a resident of the same state. This tendency is documented in the histories of the direct action statutes of Louisiana and Wisconsin. Immediately after these states had provided for direct actions against out-of-state insurers, the civil dockets of the federal courts there swelled with suits based on diversity of citizenship.[2] Congress amended § 1332(c) both to remedy the docket problems that had developed in Louisiana and Wisconsin, and to prevent similar problems from developing in other states. See S.Rep.No.1308, 88th Cong., 2d Sess. 1, *U.S.Code Cong. & Admin.News* 1964, p. 2778 *et seq.*; 1 J. Moore, *Federal Practice and Procedure* ¶ 0.77[4]; Weckstein, *The 1964 Diversity Amendment: Congressional Indirect Action against State "Direct Action" Laws,* 1965 Wis.L.Rev. 268.

The present appeal involves both the type of "direct action" procedure as well as the type of liability claim that Congress intended to regulate through § 1332(c). The workers' compensation law of Tennessee, on which the present appeal is based, provides for "direct actions" by injured residents against out-of-state insurance carriers. In Tennessee, an employer and his compensation carrier are jointly and severally liable to an employee for all injuries sustained by the employee in the course of his employment. Thus, pursuant to Tennessee law, an employee may bring suit directly against a compensation insurance carrier without joining his employer as a

---

1. See n. 3, *infra,* and accompanying text.

2. For example, according to statistics submitted to the Judiciary Committee of the Congress by the Administrative Office of the United States Courts, the Eastern District of Louisiana experienced a fifty percent increase in its civil case load, as a result of "direct action" suits against out-of-state insurance companies. See *S.Rep.No.*1308, 88th Cong., 2d Sess. 1 (1964).

party defendant.[3] *See TCA* § 50–901, *et seq.; General Accident Fire & Life Assurance Corp., Ltd. v. Kirkland,* 210 Tenn. 39, 50–51, 356 S.W.2d 283 (1962). Further, § 1332(c) is applicable to a workers' compensation claim, the subject of the present action. Congress, when it used the terms "direct action" and "liability insurance" in the amendment to § 1332(c), did not intend the amendment to apply only to traditional tort claims. We cite, at length and with approval, the reasoning of Chief Judge Frank W. Wilson in *Vines v. United States Fidelity & Guaranty Company,* 267 F.Supp. 436 (E.D.Tenn.1967):

> The term "liability insurance" is applied to contracts which provide for indemnity against liability. . . . Liability insurance is that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others, . . . or in a broader sense, against loss or liability on account of injuries to property. . . . A policy of liability insurance is a policy that indemnifies against the condition of becoming liable. . . . In the recent case of *Twin City Fire Insurance Company v. Wilkerson,* (E.D.Tenn.1965) 247 F.Supp. 766, the Honorable Robert L. Taylor, Chief Judge of this District had occasion to construe the term "liability insurance" as used in 28 U.S.C. § 1332(c), and said this:
>
> > "Although the question is not wholly without doubt, these and other cases indicate to the Court that the term 'liability insurance' has over the years come to be accepted in the Courts as meaning an indemnity agreement which protects the insured against his liability to others, and the report of the Senate Committee on the subsection (c) amendment * * * discloses that it was this meaning that the Senate had in mind in considering the amendment * * *."

Defendant having insured plaintiff's employer against liability under the Tennessee Workmen's Compensation Law, the Court is of the opinion that the policy of insurance here sued upon is a policy of liability insurance within the meaning of the 1964 amendment to 28 U.S.C. § 1332(c).

. . . The Court next turns to the question whether this is a "direct action" within the meaning of the code section.

\* \* \* \* \* \*

Plaintiff insists that . . . the legislative history of the amendment show[s] that the amendment is applicable only to *tort* actions and thus it has no application to actions for workmen's compensation. However, the Court is of the opinion that the legislation is not subject to such a restrictive interpretation. . . . The remedies provided by the Tennessee Workmen's Compensation Law are in lieu of the previous remedies in tort at common law. . . . However, the action for workmen's compensation is said to sound in contract. . . . This sort of distinction seems to be of little value in resolving the meaning of 28 U.S.C. § 1332(c), and there is no adequate basis for the inference that Congress intended that such a fine distinction be applied.

*Vines, supra,* 267 F.Supp. at 437–38 (citations omitted). *Accord, Hernandez v. Travelers Insurance Company,* 489 F.2d 721, 722–23 (5th Cir. 1974), *cert. denied,* 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974). Thus, we conclude, first, that a workers' compensation insurance policy is a "policy or contract of liability insurance," and second, that a direct action on such policy is a "direct action" within the meaning of § 1332(c).

The only remaining, and the crucial issue on appeal is whether the 1964 amendment to § 1332(c) applies to an action brought, not *against,* but *by* an insurance

---

**3.** In a Tennessee workers' compensation suit, both an employer and his compensation insurance carrier are real parties in interest. Nonetheless, for purposes of federal law, the employer is not an indispensible party to such suit because he is merely a "proper" party and is not "needed for just adjudication" of the claim. *See Fed.R.Civ.P.* 19; C. Wright, *Handbook of the Law of Federal Courts* § 29, at 94 (2d ed. 1970).

company. Assuming, for the sake of discussion, that defendant had initiated an action in the district court against Aetna for workers' compensation, the provisions of § 1332(c) would now be applicable. Such action would fit squarely within the language; " . . . any direct action *against* the insurer of a policy or contract of liability insurance . . . ." 28 U.S.C. § 1332(c) (emphasis added). *See, e. g., Vines, supra,* 267 F.Supp. 436; *Hernandez, supra,* 489 F.2d 721. However, in the present case, the insurer Aetna is the moving party, and there is technically no action, direct or otherwise, *against* a liability insurer. The district court, in resolving this issue, followed the reasoning of the Fifth Circuit in a case analogous to the present one; *Campbell v. Insurance Co. of North America,* 552 F.2d 604 (5th Cir. 1977) (per curiam). Therein, the Fifth Circuit concluded that, for purposes of § 1332(c), the distinction between an insurer as plaintiff and an insurer as defendant was "valid but too thin." 552 F.2d at 605. The Fifth Circuit stated:

> [To] accept appellant's contention would be [to] construe the statute so as to provide jurisdiction in federal court for dissatisfied insurer—since the appeal action is not *against* it—but not for the unhappy claimant. Such a result argues eloquently against appellant's contention [that Section 1332(c) should not apply to actions brought by a workmen's compensation insurance carrier against workman-claimant].

*Id.* We disagree with the analysis of the Fifth Circuit, and accordingly, we reverse the judgment below.

Neither the legislative history nor the statutory language of the 1964 amendment supports the conclusion that its provisions were intended to apply to an action in which a liability insurer is the moving party. First, nowhere in the extensive history of the amendment is reference made to an action brought by such insurer. Rather, the history of the amendment indicates that Congress was concerned exclusively with so-called "direct actions" by injured parties. *See S.Rep.No.*1308, 88th Cong., 2d Sess. 1 (1964). Further, it would be outside the rationale of the 1964 amendment to apply its provisions to an action in which a liability insurer is the plaintiff. When Congress decided to amend § 1332(c), it reasoned that the type of cases brought under the direct action statutes of Louisiana and Wisconsin "[did] not come within the spirit or intent . . . . of the diversity jurisdiction of the Federal judicial system." *S.Rep.No.*1308, 88th Cong., 2d Sess. 7 (1964); U.S.Code Cong. & Admin.News 1964, p. 2784. However, every case brought under these statutes was an action by an injured party in which both the injured party and the insured party were residents of the same state. Thus, the injured party in these cases always had the option of fully litigating his claims against the insured party, a fellow resident, in his own local forum. In other words, the direct action procedure merely provided the injured party with the additional option of bringing a federal action, based on diversity jurisdiction, solely against the out-of-state insurer. Such situation is not analogous to the situation presented when an action is initiated by an insurance company. If, pursuant to § 1332(c), a liability insurer is denied access to the federal courts, the insurer is thereby forced to commence its action in a foreign jurisdiction, namely the local jurisdiction of the injured party. In this forum, the out-of-state insurer may, at least in theory, be subject to a local prejudice in favor of the injured resident. Because of this possibility of prejudice, direct actions brought by liability insurers, unlike direct actions brought by injured parties, lie squarely within "the spirit and the intent . . . of the diversity jurisdiction of the Federal judicial system." *See* 1 J. Moore, *Federal Practice and Procedure* ¶ 0.71. Finally, a court cannot apply § 1332(c) to actions brought *by* liability insurers when explicit statutory language directs that the section applies to " . . . direct action[s] *against* [such] insurer[s] . . . ." (Emphasis added.) No court is allowed to supplement a clear statutory provision such as § 1332(c), even when such supplement would produce beneficial results. To do so would exceed the

court's power of statutory interpretation, and would encroach upon the congressional power to legislate.

The district court concluded that the 1964 amendment to § 1332(c) applies to a declaratory judgment action brought by a liability insurer. We reverse this judgment and remand the case for further proceedings consistent with this opinion.