**James J. SPOONER, Plaintiff,**

v.

**The PAUL REVERE LIFE INSURANCE CO., Defendant.**

**Civ. No. 83–4841.**

United States District Court,
E.D. Michigan, S.D.

Jan. 30, 1984.

Claude Romain, Southfield, Mich., for plaintiff.

Gerald E. Rosen, Detroit, Mich., for defendant.

MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This matter is before the Court on plaintiff's motion to remand, filed pursuant to 28 U.S.C. § 1447(c). This action is for recovery of benefits allegedly due under the terms of two disability insurance policies issued by defendant Paul Revere Life Insurance Company. The complaint alleges that plaintiff and/or his employer, Material Handling Parts Company, Inc. (Material),

purchased the policies in 1978.[1] It is further alleged that plaintiff was rendered disabled as a result of injuries he sustained in an automobile accident on or about July 14, 1982. Plaintiff filed a claim for benefits under the two disability policies in October, 1982. Defendant paid benefits under the policy until April 28, 1983, when an independent medical examination allegedly revealed that plaintiff was no longer disabled. Defendant declined further payment and plaintiff filed suit in Wayne County Circuit Court on October 10, 1983. On November 4, 1983, defendant removed this matter to this Court pursuant to 28 U.S.C. § 1441. Defendant alleged that this Court had original jurisdiction under 28 U.S.C. § 1332(a)(1) inasmuch as plaintiff is a resident of Michigan and defendant is a Massachusetts corporation with its principal place of business in Worcester, Massachusetts. Plaintiff has now moved to remand this action to Wayne County Circuit Court contending that the proviso contained in 28 U.S.C. § 1332(c) is applicable to this action, thereby operating to destroy diversity jurisdiction.

The narrow issue presented by plaintiff's motion is the applicability of the proviso to the instant action. 28 U.S.C. § 1332(c) provides:

> (c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: *Provided further*, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Plaintiff contends that the "insured" in this action is actually plaintiff's employer, Material, a citizen of the state of Michigan. Plaintiff further contends that this is a direct action against the insurer. Accordingly, plaintiff contends that the Michigan citizenship of Material should be imputed to defendant thereby destroying diversity of citizenship. The applicability of the proviso in § 1332(c) to contracts of disability income insurance has been addressed, with sharply contrasting results, by two members of this Bench. *Kosmyna v. Bankers Life and Casualty Co.*, 550 F.Supp. 142 (E.D.Mich.1982) (Feikens, C.J.) (inapplicable); *Tyson v. Connecticut General Life Insurance Co.*, 495 F.Supp. 240 (E.D.Mich. 1980) (Joiner, J.) (applicable). In addition to the two district court opinions, the Sixth Circuit has reviewed the enactment of the proviso. *Ford Motor Co. v. Insurance Co. of North America*, 669 F.2d 421 (1982). A review of the history and these three decisions is appropriate.

The Sixth Circuit summarized the history in *Ford.*

> The immediate purpose of the 1964 amendment to § 1332(c) was made clear in the legislative history. Louisiana and Wisconsin had enacted laws permitting one claiming injury at the hands of another who was covered by liability insurance to sue the liability insurance carrier rather than the alleged wrongdoer. Thus even where the plaintiff and the alleged tortfeasor were residents of the same state, if the liability insurer was a citizen of a different state, diversity jurisdiction could be asserted in such a direct action. The Louisiana act particularly resulted in a flood of essentially local lawsuits clogging already crowded district court dockets. By cloaking the non-resident insurer with the citizenship of its insured, Congress removed the basis of diversity jurisdiction. See S.Rep. No. 1308, *reprinted in* [1964] U.S.Code Cong. & Admin.News 2778–80; *Henderson v. Selective Ins. Co.*, 369 F.2d 143,

---

**1.** For purposes of this motion, the Court will assume that plaintiff's employer purchased the policies.

149 (6th Cir.1966); *White v. United States Fidelity & Guaranty Co.*, 356 F.2d 746, 747–48 (1st Cir.1966).

*Id.* at 424. The court then reviewed recent decisions tending to broaden the reach of the proviso. Included in that review was a discussion of *Tyson, supra*. In *Tyson*, plaintiff filed suit against the insurance company under contract to her employer to provide disability insurance. Plaintiff alleged wrongful failure to pay benefits. The action, filed in state court, was removed pursuant to 28 U.S.C. § 1441. Plaintiff then moved to remand and the issue presented was the applicability of the proviso in § 1332(c). Judge Joiner concluded that the proviso was not only applicable to an insured tortfeasor's liability but also to an insured's contractual applicability. The relevant portion of his analysis, wherein the analogy is crafted, follows:

> Thus, the applicability of § 1332(c)'s proviso has been extended beyond the tort-type actions which were burdening the courts of Wisconsin and Louisiana. In *McMurry v. Prudential Property and Casualty Ins. Co.* [458 F.Supp. 209 (E.D.Mich.1978) ], *supra*, Judge Cornelia Kennedy applied the proviso to a case in which a passenger of an automobile sued the owner-driver's No-Fault insurer. In [*Aetna Casualty & Surety Co. v. Greene* ] [606 F.2d 123 (6th Cir.1979) ] *supra*, the court held that the proviso would apply to a suit by a employee against the employer's workers' compensation insurer.

> While the proviso, by its terms, is applicable to policies of "liability" insurance, *Greene* indicated the type of actions to which the proviso applies by defining the nature of a liability policy:

> Congress, when it used the terms "direct action" and "liability insurance" in the amendment to § 1332(c), did not intend the amendment to apply only to traditional tort claims. We cite, at length and with approval, the reasoning of Chief Judge Frank W. Wilson in *Vines v. United States Fidelity & Guaranty Company*, 267 F.Supp. 436 (E.D.Tenn. 1967):

> The term "liability insurance" is applied to contracts, which provide for indemnity against liability.... Liability insurance is that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others, ... or in a broader sense, against loss of liability on account of injuries to property... A policy of liability insurance is a policy that indemnifies against the condition of becoming liable.... In the recent case of *Twin City Fire Insurance Company v. Wilkerson*, (E.D. Tenn.1965) 247 F.Supp. 766, the Honorable Robert L. Taylor, Chief Judge of this District had occasion to construe the term "liability insurance" as used in 28 U.S.C. § 1332(c), and said this:

> Although the question is not wholly without doubt, these and other cases indicate to the Court that the term 'liability insurance' has over the years come to be accepted in the Courts as meaning an indemnity agreement which protects the insured against his liability to others, and the report of the Senate Committee on the subsection (c) amendment * * * discloses that it was this meaning that the Senate had in mind in considering the amendment * * *

*Greene, supra*, at 126.

Thus, when an insurer protects a third person against that person's liability to another, the insurer assumes the third person's citizenship for purposes of diversity of citizenship federal subject matter jurisdiction. The liability of the third person can arise under common law or under statute. Thus, a tort liability insurer assumes the citizenship of the tortfeasor, a workers' compensation insurer assumes the citizenship of the employer, and a No-Fault insurer assumes the citizenship of its insured. Where the third person's liability arises by operation of contract law, should the rule be any different? This court thinks not. If, for example, an employer obligates itself, either by a collective bargaining agree-

ment with its employees' union or by an individual contract of employment to provide disability insurance to its employees or to a particular employee, the employer has created a liability to act in accordance with that contract that is enforceable in law. Contract law creates an obligation to provide disability protection binding on the employer. The insurance agreement is, in turn, an "agreement which protects the insured against his liability to others." *Greene, supra.* Thus, under the proviso in § 1332(c), the insurer "shall be deemed a citizen of the State of which the insured ... is a citizen ...." In such a case, the insurer is required by law to assume, for the purpose of determining jurisdiction of the court, the same citizenship as that of the employer whose liability for disability insurance was protected by the issuance of the policy of insurance.

495 F.Supp. at 242.

Subsequent to *Tyson,* the Sixth Circuit decided *Ford.* In *Ford,* plaintiff sued a resident tortfeasor's non-resident insurer for property damage arising out of the use of a motor vehicle. Plaintiff proceeded directly against the insurer under Michigan's no-fault insurance law. The Sixth Circuit concluded that the proviso in § 1332(c) operated to preclude a finding of diversity of citizenship, acknowledging that the Michigan no-fault law operated "in exactly the same way as the Louisiana and Wisconsin direct action statutes—it permits a person claiming injury or damage arising from the ownership or use of a motor vehicle to sue the insurer rather than the owner or operator of the vehicle." 669 F.2d at 425. At one point in the opinion, the court reviewed *Tyson.*

In *Tyson v. Connecticut General Life Ins. Co.,* 495 F.Supp. 240 (E.D.Mich.1980, per Joiner, J.), the district court acknowledged the original purpose of the 1964

amendment to § 1332(c) but concluded it should be applied to cases other than those to which it was particularly addressed. The *Tyson* court found that "direct action" includes an action in contract as well as in tort. *Id.* at 243. Two other decisions by another judge of the same court, however, have held that § 1332(c) does not apply to actions under Michigan no-fault because they are not "direct tort action[s]" against a liability insurance carrier. *Watkins v. Allstate Ins. Co.,* 503 F.Supp. 848, 850 (E.D.Mich. 1980); *Thornton v. Allstate Ins. Co.,* 492 F.Supp. 645, 648 (E.D.Mich.1980).

We conclude that the decisions in *McMurry* and *Tyson* contain the correct view of the applicability of the 1964 amendment to actions under the Michigan no-fault act.

*Id.* Plaintiff, in the case at hand, suggests that the Sixth Circuit's approval of *Tyson* in *Ford* is dispositive of the motion to remand because the material facts of *Tyson* are on all fours with the instant action. However, this Court does not find *Ford* to be controlling. Two references to *Tyson* in *Ford* suggest that the Sixth Circuit was laboring under the impression that *Tyson* was a no-fault action.[2] *Tyson* is clearly *not* a no-fault action. The difference between the action in *Tyson* and the action in *Ford* is sufficient enough for this Court to respectfully conclude that the Sixth Circuit did not fully appreciate the consequences of its statement that *Tyson* represents the proper view. For this reason, the Court concludes that it is not bound to follow the lead of the Sixth Circuit in *Ford.* Therefore, the Court can review the *Tyson* analysis.

In this vein, this Court is not the first to scrutinize the *Tyson* analysis. In *Kosmyna, supra,* Chief Judge Feikens criticized the *Tyson* approach, concluding that the

**2.** The first reference is the sentence opening a discussion of four cases from this district. "There have been four published decisions from the Eastern District of Michigan construing the § 1332(c) proviso in no-fault actions." 669 F.2d at 425. *Tyson* is one of the four cases the Sixth

Circuit listed. The second reference is quoted in the text above. "We conclude that the decisions in *McMurry* and *Tyson* contain the correct view of the applicability of the 1964 amendment to actions under the Michigan no-fault act." *Id.*

proviso to § 1332(c) was not applicable to a disability income policy.

Arguing that the instant case falls within the proviso to § 1332(c), plaintiff relies on *Tyson v. Connecticut General Life Ins. Co.*, 495 F.Supp. 240 (E.D.Mich. 1980). Plaintiff's reliance on *Tyson* is proper; its factual situation is indistinguishable from the case at bar. However, as explained below, I decline to follow *Tyson* because I believe it was wrongly decided.

After discussing the law detailed above, *Tyson* argues that because Tyson's employer contractually agreed to provide her with disability insurance protection,

> the employer has created a liability to act in accordance with that contract that is enforceable in law. Contract law creates an obligation to provide disability protection binding on the employer. The insurance agreement is, in turn, an "agreement which protects the insured against his liability to others."

*Id.* at 242, *quoting Aetna Casualty*, 606 F.2d at 126. However, this analysis misses the point.

Under the terms of a disability income policy, the insured is not the employer, but the employee. The insured, contrary to the assertion in *Tyson,* is not protected against incurring liability to others. The insured employee is merely protected against loss of income.

In addition, the employer discharges his obligation to the employee by arranging for an insurance company to provide coverage. If it fails to provide a policy, the employee may sue the employer for breach of contract, whether or not he is injured. If the insurer improperly fails to pay a claim, the injured employee has no action against the employer, because the employer fulfilled its obligation by purchasing the insurance coverage. If the employer had purchased an insurance policy which by its terms promised to indemnify the employer against an action for breach of contract, *that* would be a liability policy.

550 F.Supp. at 143. This Court finds the reasoning of *Kosmyna* persuasive. The insured is indeed the employee and not the employer.[3] Further, a careful reading of *Tyson* reveals the flaw in its logic. 495 F.Supp. at 242 (quoted above). The application of the proviso to an insurance company in the typical tort action is proper because the tortfeasor has purchased the policy as protection against liability arising from his breach of a duty owed to the injured party. The typical action is such that the act for which liability is sought to be imposed against the insurance company is the same act for which liability could be imposed against the insured. In this sense, the insurance company derives its liability from the insured. With the 1964 amendment, Congress intended that the insurer derive its citizenship from the insured as well. In contrast, in actions such as the case at hand, the injured party could not seek to impose liability on the insurance company and the employer for the same act. The employer did not take any action for which the plaintiff now seeks recovery. *Kosmyna, supra,* 550 F.Supp. at 143.

Therefore, the Court concludes that the proviso in § 1332(c) is not applicable to this action.[4] *See Beckham v. Safeco Insur-*

**3.** Paragraph 6 of the complaint reads as follows: "That JAMES J. SPOONER, the plaintiff herein, was the insured on both of these policies."

**4.** Defendant alternatively contends that its counterclaim against plaintiff for unjust enrichment and restitution brings it within the ambit of *Aetna Casualty & Surety Insurance Co. v. Greene,* 606 F.2d 123 (6th Cir.1979). *See also Dairyland Insurance Co. v. Makover,* 654 F.2d 1120 (5th Cir.1981); *Fidelity and Deposit Co. v. Southern Utilities, Inc.,* 524 F.Supp. 692 (M.D.

Ga.1981). In *Aetna,* the insurance company filed a declaratory judgment action on a worker's compensation liability policy issued to the defendant's employer. Defendant challenged jurisdiction, citing the proviso to § 1332(c). The Sixth Circuit held that jurisdiction was proper because § 1332(c) did not apply to actions where the liability insurer is the moving party. While defendant Paul Revere could have availed itself of this theory had it filed a declaratory judgment action, this Court is unaware of

*ance Co.,* 691 F.2d 898 (9th Cir.1982); *Velez v. Crown Life Insurance Co.,* 599 F.2d 471 (1st Cir.1979). Accordingly, subject matter jurisdiction is properly vested in this Court because of the diversity of citizenship of the parties. Thus, plaintiff's motion to remand will be denied. An appropriate order shall be submitted.

any authority permitting removal on the basis

of a counterclaim.