Paul G. HULL

v.

**ALLSTATE INSURANCE COMPANY, INC.**

**Civ. A. No. 87–1006–B.**

United States District Court, M.D. Louisiana.

Feb. 29, 1988.

---

C. Alvin Tyler, Baton Rouge, La., for plaintiff.

David C. Forrester, Domingeaux & Wright, Hammond, La., for defendant.

POLOZOLA, District Judge.

This matter is before the court on the motion of the plaintiff, Paul G. Hull, to remand. Allstate Insurance Company, Inc. ("Allstate") has filed a motion seeking sanctions under Rule 11 of the Federal Rules of Civil Procedure as a result of plaintiff's filing the present motion to remand. No oral argument is required for these motions. For the reasons which follow the court denies plaintiff's motion to remand.

The plaintiff originally filed this action in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana seeking recovery under a homeowner's policy issued by Allstate for a fire which damaged plaintiff's home. Allstate timely removed the action to this court asserting diversity jurisdiction.

Plaintiff has now filed this motion to remand asserting that complete diversity does not exist between the parties under the provisions of 28 U.S.C. § 1332(c). Section 1332(c) provides in pertinent part:

[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

It is clear that plaintiff has erroneously construed § 1332(c). Section 1332 was amended in 1964 to prohibit federal diversity jurisdiction in lawsuits filed under a state direct action statute.[1] Direct action statutes allow a plaintiff to directly sue a foreign insurance company for recovery of benefits under the policy without having first to secure a judgment against the insured. Section 1332(c) requires the insurance company to take the domicile of its insured in suits brought under the direct action statute. The Louisiana Direct Action Statute, La.R.S. 22:655, applies only to liability actions and not to contract disputes. *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 995 (5th Cir.1985); *Hayes v. Allstate Insurance Company*, 722 F.2d 1332, 1334 (7th Cir. 1983); *Aetna Casualty & Sur. Ins. Co. v. Greene*, 606 F.2d 123 (6th Cir.1979). "Liability insurance" has over the years come to be accepted in the courts as meaning an indemnity agreement which protects the insured against his liability to others. *Id.* at 126. The Louisiana Direct Action Statute does not apply to actions such as this where an insured seeks recovery under its own casualty insurance policy. Therefore, § 1332(c) does not apply under the facts of this case.

Allstate is incorporated and has its principal place of business in Illinois. Plaintiff is a resident of Louisiana. Clearly, the parties to this action are diverse.

The court also finds that Rule 11 sanctions should not be imposed under the facts of this case.

Therefore:

---

1. Louisiana has a direct action statute. La.R.S. 22:655.

IT IS ORDERED that the motion of Paul G. Hull to remand be and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of Allstate Insurance Company, Inc. for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure be and it is hereby DENIED.