Karen ADAMS, et. al., Plaintiff,

v.

ESTATE OF John S. KECK
and Continental Insurance
Company, Defendants.

Continental Insurance Company,
Plaintiff,

v.

Estate of John S. Keck, Defendant.

Nos. 3:01 CV–333–S, 3:01 CV–222–S.

United States District Court,
W.D. Kentucky.

Jan. 25, 2002.

Donald L. Cox, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, for plaintiff.

John D. Cox, Mary Janice Lintner, Donald L. Cox, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, for John S. Keck, Ann Keck Simmerman.

Christopher S. Burnside, William Edward Skees, Griffin Terry Sumner, Frost Brown Todd, Louisville, KY, for continental Insurance.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

These matters are before the court on several motions filed in each of the above-styled cases. As the motions are somewhat interdependent, we will discuss and dispose of all of them herein. The first motion is the plaintiffs Karen Adams and Andrew Jason Slentz's ("Adams and Slentz") Motion to Remand the Motion to Remand *Adams v. Estate of John S. Keck and Continental Ins. Co.* for Lack of Subject Matter Jurisdiction filed July 5, 2001, which we will treat as a motion to withdraw. The second motion is Adams and

Slentz's Motion to Remand *Adams* for Lack of Subject Matter Jurisdiction and for Costs and Attorney's Fees filed July 18, 2001. The third motion is the defendant Estate of John S. Keck's ("Keck") Motion to Dismiss *Continental Ins. Co. v. Estate of John S. Keck.* The fourth motion is the defendant/plaintiff Continental Insurance Company's ("Continental") Motion to Consolidate *Adams* and *Continental.* For the reasons stated below, we will grant the first and fourth motions and deny the second and third motions.

## BACKGROUND

These cases arise from a shooting incident in which Keck's decedent injured Adams and Slentz. It is alleged that Keck's decedent was insane and unable appreciate or control his conduct at the time of the shooting. (Pltf.Am.Compl.¶ 12). Adams and Slentz, citizens of Kentucky and Indiana, respectively, subsequently brought a suit for damages against Keck, a Kentucky citizen, and Continental, a New York corporation with its principal place of business in Chicago, in Jefferson Circuit Court, Commonwealth of Kentucky. Keck's decedent held a homeowner's insurance policy through Continental. Adams and Slentz's claim against Keck is grounded in tort. (Pltf.Am.Compl.¶ 12–13). Adams and Slentz's claim against Continental alleges that its policy provision excluding injuries or damages caused by the intentional or criminal acts of a covered person, even if the covered person lacked "the mental capacity to govern his or her conduct," conflicts with KRS Chapter 344, which creates and defines civil rights violations. (Pltf.Am.Compl.¶ 19). Adams and Slentz also allege the exclusion provision is unen-

forceable as contrary to Kentucky public policy. (Pltf.Am.Comp.¶ 21).

Continental removed Adams and Slentz's suit to this court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441 when Adams and Slentz indicated they had reached a settlement agreement with Keck. (Def. Notice of Removal ¶ 5). The agreement admits Keck's decedent's liability and surrenders all of Keck's assets to Adams and Slentz. The issue of damages is still in dispute. (Pltf. Mem. Mot. Remand p. 2). However, Adams attorney is now also representing Keck in all litigation with Continental. (Pltf. Mem. Mot. Remand p. 3, n. 1).[1]

Continental also filed a separate suit for declaratory judgment against Keck in this court. Continental is seeking declaratory relief regarding its coverage obligations to Keck's decedent for Adams' claims. (Pltf.Compl.Decl.Judg.).

## DISCUSSION

### I. Motion to Remand the Motion to Remand Adams for Lack of Subject Matter Jurisdiction

Adams and Slentz mistakenly filed their first Motion to Remand for Lack of Subject Matter Jurisdiction in the *Continental* action rather than the *Adams* action. (Pltf. Mot. Remand Mot. Remand). As such, the Motion to Remand for Lack of Subject Matter Jurisdiction filed July 5, 2001 in the *Continental* action will be withdrawn.

### II. Motion to Remand Adams for Lack of Subject Matter Jurisdiction and for Costs and Attorney's Fees

Adams and Slentz argue that their suit was not properly removed to this court

---

1. Adams and Slentz indicate that their counsel is also representing Keck as the result of Keck assigning its claims against Continental to Adams and Slentz. (Pltf.Mem.Mot.Rem. P. 3, n. 1). However, in their reply memoran-

dum, Adams and Slentz assert that the assignment has since fallen through. (Pltf. Reply Mem. p. 3). Since we have not been told otherwise, we are assuming that Adams and Slentz's counsel continues to represent Keck.

because their settlement with Keck did not dismiss Keck as a party and thus did not create complete diversity among the parties. Adams and Slentz also argue that since the issue of damages remains in dispute, Keck remains a valid party to the litigation and destroys diversity under 28 U.S.C. § 1332. We disagree.

■ We find the reasoning of *Lesher by Lesher v. Andreozzi,* 647 F.Supp. 920 (M.D.Pa.1986), persuasive. In *Lesher* the plaintiffs entered into a settlement agreement with the non-diverse defendants but did not formally dismiss them from the action. The court found that the settlement agreement effectively extinguished the plaintiffs' claims against the non-diverse defendants. Removal based upon diversity was therefore proper because "absent an adverse interest between [the parties], the [non-diverse defendants] can no longer be viewed as defendants." *Id.* at 922; *see also Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941)("To sustain diversity jurisdiction there must exist an 'actual,' 'substantial' controversy between citizens of different states...."). Adams and Slentz argue that *Lesher* is distinguishable because it involved a complete settlement while their settlement with Keck reserved the determination of damages for trial. However, Keck has agreed to transfer all of its remaining assets to Adams and Slentz. (Pltf. Reply Mem. p. 2). It is therefore questionable what real interest, if any, Keck could have in the determination of a damage amount. Since Keck has admitted liability and agreed to surrender all of its assets to Adams and Slentz, there appears to be no true adverse interest remaining between the parties.

Further, Adams and Slentz's counsel is also representing Keck in all litigation with Continental. As attorneys are ethically forbidden to represent adverse parties in the same litigation, we can only conclude that Keck, Adams, and Slentz are not adverse.

For purposes of determining diversity, we are not bound by Adams and Slentz's characterization of Keck as a defendant. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *Indianapolis,* 314 U.S. at 69, 62 S.Ct. 15. Since Keck lacks an adverse interest in the action and is thus not properly characterized as a defendant, we find that complete diversity exists between the parties and, as such, removal is proper.

Plaintiff alternatively argues that even if Keck is ignored for purposes of determining diversity, Continental is not diverse because its is deemed to have the same citizenship as Keck pursuant to 28 U.S.C. § 1332(c)(1). 28 U.S.C. § 1332(c)(1) reads:

For the purposes of this section and section 1441 of this title ... a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

■ We find that 28 U.S.C. § 1332(c)(1) does not apply to this case. "[T]he proviso was enacted ... as a result of the enactment of 'direct action' statutes ... permitting suits directly against insurance companies without joining the insured." *Henderson v. Selective Ins. Co.,* 369 F.2d 143, 149 (6th Cir.1966); *see also Watkins*

v. Allstate Ins. Co., 503 F.Supp. 848, 850 (E.D.Mich.1980) ("[T]he intent of the statute was to preclude diversity jurisdiction where the state law authorizes a direct tort action by a person injured by a tortfeasor against the tortfeasor's insurance carrier where the tortfeasor is not a party.") Kentucky law does not authorize such direct actions. See State Automobile Mut. Ins. Co. v. Empire Fire & Marine Ins. Co., 808 S.W.2d 805, 807–808 (Ky.1991)(citing Cuppy v. General Accident Fire & Life Assur. Corp., 378 S.W.2d 629 (Ky.1964))("Kentucky is not a direct action jurisdiction. In ordinary circumstances, an injured party must first obtain judgment against the opposing party defendant and then seek enforcement of the judgment rendered in an action against the defendant's indemnitor."). As a direct action may not be brought under Kentucky law, 28 U.S.C. § 1332(c)(1) cannot be applied here.

Adams and Slentz argue that while 28 U.S.C. § 1332(c)(1) was intended to apply to tort actions against insurers in states with direct action statutes, the Sixth Circuit has expanded it to other insurance contexts. See, e.g., Aetna Casualty & Surety Ins. Co. v. Greene, 606 F.2d 123 (6th Cir.1979)(workers' compensation insurance); Ford Motor Co. v. Insurance Co. of North America, 669 F.2d 421 (6th Cir. 1982)(no-fault insurance). However, the Sixth Circuit has continued to find that no direct action exists for purposes of 28 U.S.C. § 1332(c)(1) if a valid judgment against the insured is a prerequisite for an action against the insurer. See Stockton v. General Accident Ins. Co., 1990 WL 20444, * 2 (6th Cir.1990). Here, Adams and Slentz claim that Continental's policy provision excluding coverage for Keck's decedent's intentional and criminal acts, even though such acts were a product of mental illness, is contrary to Kentucky civil rights statutes and Kentucky public policy. A judgment of Keck's decedent's liability is

plainly required before any claim that Continental improperly denied coverage for such liability can be brought. Thus, this action cannot be considered "direct" under 28 U.S.C. § 1332(c)(1). That a settlement as to liability was reached here and no judgment against the insured was in fact required does not abrogate the conclusion that this is not by nature a direct action and 28 U.S.C. § 1332(c)(1) does not apply.

Since Keck, the only non-diverse defendant, can no longer be properly considered a defendant and 28 U.S.C. § 1332(c)(1) does not apply, Adams was properly removed. Accordingly, Adams and Slentz are not entitled to the attorney's fees and costs associated with removal.

### III. Motion to Dismiss Continental

Keck argues that Continental's Complaint for Declaratory Judgment regarding its coverage obligations should be dismissed because it parallels Adams, a pending state court action arising from the same facts. Therefore, this court hearing Continental's action would entail preempting a state court's right to rule on an undetermined question of state law, specifically whether Continental's exclusion provision violates Kentucky's civil rights laws or public policy. (Def, Mot. Dismiss p. 4–7). However, since we have found Adams was properly removed to this court and therefore should not be remanded, there is no pending state action and Keck's argument is moot. As no other reason to dismiss Continental's complaint has been offered, Keck's Motion to Dismiss will be denied.

### IV. Motion to Consolidate Adams and Continental

Under Federal Rule of Civil Procedure 42(a) "[w]hen actions involving a common question of law or fact are pending before

the court ... it may order all the actions consolidated." Here, *Adams* and *Continental* involve the same legal and factual issues, specifically Continental's coverage obligations, as well as the same parties. Further, we have determined above that this court has proper jurisdiction over both actions. Continental's Motion to Consolidate Cases will therefore be granted.

## CONCLUSION

For the reasons stated above, we find 1) Adams and Slentz's Motion to Remand the Motion to Remand *Adams* for Lack of Subject Matter Jurisdiction filed July 5, 2001 will be granted; 2) Adams and Slentz's Motion to Remand *Adams* for Lack of Subject Matter Jurisdiction and for Costs and Attorney's Fees filed July 18, 2001 will be denied; 3) Keck's Motion to Dismiss *Continental* will be denied; and 4) Continental's Motion to Consolidate *Adams* and *Continental* will be granted by a separate order entered this date.