**MEDICAL RESEARCH CENTERS, INC., et al.**

v.

**ST. PAUL PROPERTY AND LIABILITY INSURANCE CO., et al.**

**Civil Action No. 03–2794.**

United States District Court, E.D. Louisiana.

Jan. 21, 2004.

Terrence Dugas–Rozier, Terrence Dugas–Rozier, Attorney at Law, New Orleans, LA, for Plaintiffs.

Ernest Lynwood O'Bannon, John William Waters, Jr., Michael F. Bollman, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, LA, for Defendants.

## ORDER & REASONS

FALLON, District Judge.

Pending before the Court is the Plaintiffs' Motion to Remand this matter to Civil District Court for the Parish of Orleans. The Plaintiffs assert that the parties lack diversity of citizenship and that the Court thus lacks subject matter jurisdiction over this matter. Because complete diversity of citizenship exists and it is facially apparent that the amount in controversy requirement is satisfied, the Plaintiffs' Motion to Remand is DENIED.

## BACKGROUND

Plaintiff C.A. Deabate, M.D., owns and operates the Medical Research Centers, as well as the building in which the business operates. Dr. Deabate and the Medical Research Centers claim to have had an effective liability, property, and commercial umbrella liability policy with the Defendants, insuring the business, the building, and the medical center's contents.

On September 1, 2002, Dr. Deabate discovered water on the medical center's first floor stairwell. While Dr. Deabate was searching for the water's source, he noticed that the walls in the clinic's hallway and examination rooms had a black discoloration. Dr. Deabate also found this discoloration on medical equipment, office files, and records. An investigation of the discoloration indicated that the black growth was mold, including a toxic mold species. The Plaintiffs claim that the mold completely contaminated the first, second, and third floors of the Medical Research Center and the clinic's contents.

Dr. Deabate contacted the Defendants to make a claim on the policy. An insurance adjuster inspected the property with a specialist hired by the Defendants to assess the damages. The Defendants requested a protocol from an industrial hygienist to determine the extent of the damages and the cost of mold remediation. Dr. Deabate considered the estimate inadequate and hired his own experts, who reviewed the protocol submitted by the Defendants. The Plaintiffs claim that their experts determined that the Defendants grossly underestimated the extent of the mold damages and the cost of remediation.

The Plaintiffs brought suit against the Defendants in Civil District Court for the Parish of Orleans, seeking compensation for property damage, the cost of replacing all medical and office equipment, loss of rental revenue, and relocation expenses. The Defendants removed the matter to the United States District Court for the Eastern District of Louisiana on October 6, 2003, on the basis of diversity of citizenship. Dr. Deabate is a citizen and resident of Louisiana, and Plaintiff Medical Research Centers, Inc. is a Louisiana corporation with a principal place of business in Louisiana. The Defendants are Minnesota corporations and their principal place of business operations is in Minnesota.

The Plaintiffs assert that under the direct action provision of 28 U.S.C. § 1332(c)(1), the Defendants are deemed to be citizens of Louisiana. The Plaintiffs now move the Court to remand the matter to Civil District Court for the Parish of Orleans on the basis of a lack of complete diversity.

## ANALYSIS

The federal removal statute permits a defendant to remove any civil action in which the United States district courts have original jurisdiction unless removal is otherwise prohibited by federal law. 28 U.S.C. § 1441(a) (2000). Federal removal jurisdiction extends to disputes between citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) (2000). In this matter it is "facially apparent" that the Plaintiffs' claims are likely to exceed $75,000. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880 (5th Cir.2000). The parties dispute whether complete diversity of citizenship exists. The Plaintiffs' jurisdictional challenge centers on whether the direct action proviso of Section 1332(c)(1) affects the citizenship of the foreign Defendants.

■ In general, federal law deems a corporation to be a citizen of its State of incorporation and also a citizen of the State in which it has its principal place of business. 28 U.S.C. § 1332(c)(1) (2000). An exception to Section 1332's general corporate citizenship rule lies in liability insurance context, where—in certain limited circumstances—the statute may assign a defendant insurer an additional State's citizenship.[1]

---

1. Congress adopted the "direct action" proviso of Section 1332 in response to Louisiana's direct action statute, which permits an injured party directly to sue a tortfeasor's insurer without joining the tortfeasor as a defendant. *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 10, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989). Prior to the adoption of Section 1332(c)'s direct action proviso, Louisiana's direct action statute, LA.REV.STAT.ANN. § 22.655, "create[d] diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another State." *Id.* Congress amended the statute and "consigned to the state courts cases of a local nature between parties who are citizens of the same state, regardless of the circumstance that one or more of the parties is insured by a foreign-incorporated insurance company." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 995 (5th Cir.1985).

■ Section 1332(c)(1) provides "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." *Id.* The effect of this "direct action proviso" is to deny federal diversity jurisdiction in cases where the plaintiff and the defendant insurer are citizens of different states, but the plaintiff and the insured tortfeasor are citizens of the same state.

■ Section 1332(c)(1) does not deny federal diversity jurisdiction in every case in which an insurance company is a party defendant. The proviso applies only to policies of liability insurance in which an indemnity agreement protects the insured from liability to others. *Hull v. Allstate Ins. Co., Inc.*, 682 F.Supp. 867, 868 (E.D.La.1988); *Nettles v. State Farm Fire and Cas. Co.*, No. Civ.A.03–0685, 2003 WL 1922001, at *1 (E.D.La. April, 21, 2003). Moreover, the proviso's application is restricted to a "direct action," an action against an insurer that faces liability only because of its relationship with the absent (but otherwise liable) insured party. "[A]n action against an insurance company is only a 'direct action' under § 1332(c)(1) if 'the liability sought to be imposed against the insurer could be imposed against the insured'" *Gonzalez v. Gov't Employees Ins. Group*, No. Civ.A.99–3707, 2000 WL 235236, at *4 (E.D.La. Feb. 28, 2000) (quoting *Tuck v. United Servs. Auto Ass'n*, 859 F.2d 842, 847 (10th Cir.1988)). The direct action proviso is not applicable to a simple coverage dispute between the insured and his own insurer.[2]

■ The direct action proviso of Section 1332(c)(1) is not applicable in this case. The instant dispute is not one involving liability insurance, an indemnification policy that protects the insured from its liability to third parties. As in *Nettles*, the insured Plaintiffs make a claim on their own insurance policy for property that has been damaged by toxic mold. *See* 2003 WL 1922001, at *1. Though the Defendant insurers are *direct parties* to this litigation, their potential liability arises from a contractual obligation to the Plaintiffs and not from an indemnification agreement with an absent, nondiverse third party. The matter thus is not a *direct action*, as those terms have been construed; the direct action proviso is not applicable, and the Court has original subject matter jurisdiction under 28 U.S.C. § 1332.

## CONCLUSION

The matter was properly removed from Civil District Court for the Parish of Orleans. For the foregoing reasons the Plaintiffs' Motion to Remand is DENIED.

---

**2.** "[S]imply because the insurer is a direct party does not make the litigation a 'direct action.'" *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674 (2d Cir.1992). "Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity—federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state." *Lee–Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899–900 (6th Cir.2003). Neither the language of section 1332(c)(1) nor its well documented legislative history suggest that Congress meant to strip federal diversity jurisdiction in the insurance arena.